

500 Fifth Avenue
50th Floor
New York, New York 10110

T +1 212 319 4755

www.kwm.com

February 21, 2024

<u>Via ECF</u>

Honorable Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007



Re: *Chenming Holdings (Hong Kong) Limited v. John Does 1-10*,
Case No. 1:24-cv-00935-KPF

Dear Judge Failla:

This Firm represents Plaintiff Chenming Holdings (Hong Kong) Limited ("Plaintiff" or "Chenming") in the above captioned action. Pursuant to Local Rules 7.1(d) and 37.2 and Sections 2(C), 3(C) and 4(A) of Your Honor's Individual Practices, Plaintiff respectfully submits this letter to request: (i) leave to conduct expedited discovery prior to the Rule 26 initial discovery conference and (ii) given the nature of this John Doe action, exemption from the requirement of a pre-motion conference with the Court. Plaintiff's contemplated motion for expedited discovery ("Motion") seeks permission to serve subpoenas on non-party banks to obtain specific information necessary to identify defendants John Does and serve process on them. Defendants have yet to be identified or served, therefore a pre-motion conference required under Local Rule 37.2 and Section 3(C) of Your Honor's Individual Practices would not include defendants. *See Strike 3 Holdings, LLC v. Doe*, 964 F.3d 1203, 1207 (D.C. Cir. 2020) ("In cases involving as-yet-unknown defendants, in which the plaintiff cannot serve its complaint—much less confer with the defendant—without obtaining identifying information from a third party, 'the only potential avenue for discovery is [a court order under] Rule 26(d)(1).'").

### I. Factual Background

On February 8, 2024, Plaintiff filed a Verified Complaint (*see* ECF No. 1) in which it seeks relief against defendants on claims including fraud, fraud in the inducement, conspiracy to defraud, conversion, and unjust enrichment. The claims arise out of a carefully devised fraudulent scheme involving defendants and other co-conspirators owned and/or controlled by them. Defendants and their co-conspirators induced Plaintiff to enter separate security loan transactions with three lenders ("Lenders") and provide hundreds of millions of shares of stock as well as millions in cash deposits as collateral to secure the loans. *See* Compl. ¶¶ 9-17. After Plaintiff fully or substantially paid off the loan principal and interest, however, defendants refused to return the collateral and instead, manufactured alleged defaults by Plaintiff under the loan agreements for purposes of taking possession and control of the collateral and depriving Plaintiff of its rights to and interest in the collateral. *See id*. ¶ 20. Moreover, Plaintiff later discovered that the majority of the collateral shares had been sold or disposed of by defendants shortly after Plaintiff deposited them.

Despite diligent efforts by Plaintiff, defendants' use of shell companies and fictitious names for the sham loan transactions has impeded Plaintiff's ability to identify defendants. Plaintiff therefore seeks leave to engage in expedited discovery and serve subpoenas on certain non-party banks pursuant to Fed. R. Civ. P.45. Plaintiff has a reasonable basis to believe that defendants are the beneficiary owners of



multiple bank accounts established in this district which received payments from Plaintiff under the loan transactions. Upon information and belief, in accordance with their "Know Your Customer" requirements, the non-party banks have information or documents in their possession, custody or control sufficient to identify defendants.

### II. Good Cause Exists for an Order Granting Expedited Discovery to Identify Defendants

Rule 26 requires parties to meet and confer prior to commencing discovery and an initial conference with the court. Fed. R. Civ. P. 26(f). However, upon good cause shown, a court may authorize early or expedited discovery prior to the Rule 26(f) conference. Fed. R. Civ. P. 26(d)(1); *see, e.g.*, *Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 241 (S.D.N.Y. 2012) (applying "flexible standard of reasonableness and good cause" in determining whether to grant expedited discovery request); *R.R. Donnelley & Sons Co. v. Marino*, 505 F. Supp. 3d 194, 209 (W.D.N.Y. 2020) (finding "[t]he majority of courts in the Second Circuit apply the more flexible 'good cause' standard when evaluating motions for expedited discovery"). After the court grants leave to conduct expedited discovery, "a party may then serve a subpoena requiring a non-party to disclose records or provide testimony." *See Strike 3 Holdings, LLC v. Doe*, 331 F.R.D. 14, 16 (E.D.N.Y. 2019). Good cause exists here.

    a. *The Complaint Alleges Prima Facie Claims against Defendants.*

The Complaint alleges a *prima facie* case against defendants. *See* Compl. ¶¶ 68-100. With respect to the claims for fraud and fraud in the inducement, the Complaint alleges that defendants, through concerted acts by Lenders, knowingly and intentionally made material misrepresentations to Plaintiff that they intended to provide financing to Plaintiff, to induce Plaintiff to execute the loan agreements and deliver the collateral as security. Plaintiff reasonably relied on those misrepresentations and false promises to its detriment and suffered significant damages. *See* Compl. ¶¶ 68-85.

The Complaint also alleges that defendants and their co-conspirators made an agreement to defraud Plaintiff and carefully carried out that agreement by inducing Plaintiff to enter the loan transactions and deliver the collateral, and then prematurely sold the collateral shares for significant financial gain, among other things, in furtherance of their fraudulent scheme. *See* Compl. ¶¶ 86-92.

With respect to conversion, the Complaint alleges that Plaintiff is the rightful owner of the collateral and defendants exercised unauthorized dominion over the collateral to the exclusion of Plaintiff's rights and interest by, among other things, refusing to return the collateral and seizing the same by manufacturing breaches under the loan agreements. *See* Compl. ¶¶ 93-96.

With respect to unjust enrichment, the Complaint alleges that by exercising unauthorized dominion over the collateral and acquiring tremendous financial gain from the unlawful sale of the collateral shares, defendants have been unjustly enriched. *See* Compl. ¶¶ 97-100.

As a direct and proximate cause of the foregoing fraudulent and wrongful acts by defendants, Plaintiff has suffered significant damages. The value of the shares provided by Plaintiff under each loan transaction, based on their trading prices at the time the shares were deposited, was approximately $88,662,546.86, $31,729,653.04, and $48,594,383.04, respectively. *See* Compl. ¶¶ 22, 34, 42. To date, defendants have fraudulently sold the majority of the collateral shares and received over $110,390,000 in proceeds. *See id*. ¶¶ 59-60.

    b. *Plaintiff Has Been Unable to Identify Defendants Through Alternative Means Despite Its Diligent Efforts.*



    Plaintiff has exhausted alternative means to identify defendants without success. In July 2023, Plaintiff made an application in Hong Kong court seeking disclosure of transaction records relating to the collateral shares by third-party custodian banks. The disclosures show the fraudulent sale and transfer of the shares, but they do not contain information to identify defendants. In or around October 2022, Plaintiff hired the investigative firm, Control Risks, but Control Risks was unable to identify the persons behind the Lenders or locate the Lenders' physical addresses based on publicly available information. Moreover, in or around April 2023, employees of Plaintiff's affiliate company visited two of the Lenders' corporate addresses in Canada and the United States stated in the loan agreements and found one of the addresses to be fictitious and the other to be a location where the Lender was not resident.

    c. *Plaintiff's Request Is Narrowly Tailored and Only Seeks Information Necessary to Identify the Defendants.*

    Identifying the defendants by name is necessary for Plaintiff to advance its claims and serve legal process on defendants. Moreover, the relief sought in Plaintiff's proposed Motion—permission to serve subpoenas on non-party banks prior to the Rule 26 initial conference—is limited in scope and only seeks specific information sufficient to identify defendants from the non-party banks. *See Directory Assistants, Inc. v. Doe*, No. 3:10-CV-548 CFD, 2010 WL 10128887, at *1 (D. Conn. Apr. 28, 2010) (finding good cause for expedited discovery where "plaintiff has made numerous attempts to discover the identity of the defendant, but has been unable to do so," the "case cannot progress unless and until the defendant is identified," and "the plaintiff's request is reasonable and limited in scope, seeking only basic identifying information").

### III.  Conclusion

    For the foregoing reasons, Plaintiff respectfully seeks leave to conduct expedited discovery before the Rule 26 initial discovery conference. Plaintiff believes this will assist it to identify defendants, allow it to amend its Complaint, and serve process on those defendants identified through the discovery.

Dated:  February 21, 2024

                                Respectfully submitted,
                                KING & WOOD MALLESONS LLP

By: */s/ Vincent Filardo, Jr.*
      Vincent Filardo, Jr.
      Aaron T. Wolfson
      500 Fifth Avenue, 50th Floor
      New York, NY 10110
      (212) 319-4755
      vincent.filardo@us.kwm.com
      aaron.wolfson@us.kwm.com

Application GRANTED.

The Clerk of Court is directed to terminate the pending motion at docket number 6.

Dated:     February 22, 2024            SO ORDERED.
           New York, New York

*Katherine Polk Failla* (signature)

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE