# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHENMING HOLDINGS (HONG KONG)
LIMITED, *a Hong Kong limited company,*

Plaintiff,

-against-

JOHN DOES 1-10, individuals and/or entities
whose names are currently unknown to Plaintiff,

Defendants.

Civil Case No. 1:24-cv-00935-KPF

**DISCOVERY CONFIDENTIALITY
ORDER**

WHEREAS, Plaintiff Chenming Holdings (Hong Kong) Limited ("Plaintiff" or "Chenming") commenced the above-captioned action on February 8, 2024, seeking relief from multiple John Doe defendants arising out of a concerted fraudulent scheme perpetrated by defendants and other affiliated entities against Plaintiff;

WHEREAS, Plaintiff, through a motion for expedited discovery ("Motion") filed on February 26, 2024, sought leave of the Court to issue subpoenas on several non-party banks, who Plaintiff believes may have information in their possession, custody or control sufficient to identify defendants;

WHEREAS, the Court granted the Motion and so-ordered the proposed subpoenas attached thereto upon which Plaintiff served the subpoenas on the non-party banks;

WHEREAS, non-party Citibank, N.A. ("Citi") has refused to produce any documents responsive to the subpoena served upon it absent the Court's entry of an appropriate confidentiality order;

1

WHEREAS, Plaintiff expects that the other non-party banks, JPMorgan Chase N.A. and Community Federal Savings Bank, which to date have either failed to produce any responsive documents or only minimal insufficient responsive documents, will likewise request such confidentiality protection before making full and complete document productions;

WHEREAS, the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure to facilitate discovery for purposes of identifying the John Doe defendants, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:[1]

1.      Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive non-public information ("Confidential Information"). Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

2.      The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

3.      In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

---

[1] Nothing in this Order shall prevent the parties from entering into a stipulated confidentiality and/or protective order upon entry of appearance by defendants.

4.      Documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

        a.      The requesting party and counsel, including in-house counsel;

        b.      Employees of such counsel assigned to and necessary to assist in the litigation;

        c.      Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and

        d.      The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

The parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only."

5.      Prior to disclosing or displaying the Confidential Information to any person, counsel must:

        a.      Inform the person of the confidential nature of the information or documents;

        b.      Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

        c.      Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

6.      The disclosure of a document or information without designating it as "CONFIDENTIAL" shall not constitute a waiver of the right to designate such document or

information as Confidential Information. If so designated, the document or information shall thereafter be treated as Confidential Information subject to all the terms of this Order.

7.      Any Personally Identifying Information ("PII") (*e.g.*, social security numbers, financial account numbers, passwords and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure, confidential and shared only with authorized individuals in a secure manner. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

8.      Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

9.      Notwithstanding the designation of information as "CONFIDENTIAL" in discovery, there is no presumption that such information shall be filed with the Court under seal. For requests to file information under seal, the parties shall follow the individual rules of the judge for whom the information is being submitted, as well as Section 6 of the Court's ECF Rules & Instructions.

10.     At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or, upon permission of the producing party, destroyed.

11.     Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

12.     When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in a stipulated protective order submitted to the court.

**SO ORDERED.**

Dated: March _____, 2024

_____
Honorable Katherine Polk Failla
United States District Court Judge

5

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHENMING HOLDINGS (HONG KONG)
LIMITED, *a Hong Kong limited company,*

                   Plaintiff,

            -against-

JOHN DOES 1-10, individuals and/or entities
whose names are currently unknown to Plaintiff,

                   Defendants.

Civil Case No. 1:24-cv-00935-KPF

**DISCOVERY CONFIDENTIALITY ORDER**

I, _____, acknowledge that I have read and understand the Discovery Confidentiality Order in this action governing the non-disclosure of those portions of discovery material that have been designated as Confidential. I agree that I will not disclose such material to anyone other than for purposes of this litigation, and that at the conclusion of the litigation I will either return all discovery material to the party or attorney from whom I received it, or upon permission of the producing party, destroy such discovery material. By acknowledging these obligations under the Discovery Confidentiality Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Order could subject me to punishment for contempt of Court.

Dated: _____ , 2024

6

_____                          _____
Name (printed)                                         Signature


Signed in the presence of:


_____
(Attorney)

7