

500 Fifth Avenue
50th Floor
New York, New York 10110

T +1 212 319 4755

www.kwm.com

April 16, 2024

Via ECF

Honorable Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007

      Re:   *Chenming Holdings (Hong Kong) Limited v. John Does 1-10,*
            Case No. 1:24-cv-00935-KPF

Dear Judge Failla:

    This Firm represents Plaintiff Chenming Holdings (Hong Kong) Limited ("Plaintiff" or "Chenming") in the above-captioned action. We write to provide the Court with an update on the status of non-party discovery, including Plaintiff's current findings based on information received from the non-party banks ("Banks"), and request additional discovery from individuals and entities identified through that discovery. This additional discovery is necessary to enable Plaintiff to confirm the identities of all putative defendant malfeasors other than those it recently identified in the Banks' discovery and their level of involvement in the alleged fraudulent scheme.

    Chenming filed the instant John Doe action on February 8, 2024. *See* ECF No. 1. On February 26, it filed a motion for expedited discovery ("Motion") seeking immediate discovery from the Banks. *See* ECF No. 9. The next day, the Court granted the Motion and so ordered Plaintiff's proposed subpoenas. *See* ECF No. 10. Thereafter, Plaintiff served subpoenas for documents on the Banks on February 28 and 29 and served amended subpoenas for documents and depositions on March 12 and April 2. *See* ECF Nos. 12-15, 19-20. The depositions were scheduled to take place on April 15, 18, and 22. Plaintiff has agreed to postpone the depositions pending receipt and review of further responsive documents from the Banks. In particular, Plaintiff is awaiting: (i) documents from Citibank, N.A. ("Citi") concerning several outstanding subpoena requests, including authorized signatories of the Citi account and the relevant transaction records; and (ii) bank statements and an authentication certificate from Community Federal Savings Bank.

    Based on the common facts revealed in the Banks' productions to date, the following individuals and entities appear to be associated with the bank accounts alleged in the Complaint that were used to facilitate the fraudulent scheme:

1. Val Sklarov;
2. Jaitegh Singh or JT Singh;
3. Tetyana Sklarov;
4. Sierra Universal Corp;
5. UPC Holdings Ltd.;
6. Lviv Estate Holdings Ltd.;
7. C Vanderbilt Management Ltd.; and
8. Deltec Bank and Trust Limited.



The documents reveal that Mr. Singh opened several bank accounts with J.P. Morgan Chase N.A. to receive loan-related payments from Plaintiff. *See* Compl. ¶¶ 30, 36, 44. Upon our further investigation, Mr. Singh practices law through his firm Singh Law Firm, P.A., which maintains offices in New York and Miami.[1] Notably, he is also listed as the Chief Executive Officer ("CEO") of Jurist IQ Corp ("Jurist IQ")[2] that is inextricably intertwined with the Lenders, *to wit*: (i) Lender Astor2 retains a "client escrow account" with Jurist IQ, which account received loan-related payments from Plaintiff; (ii) Jurist IQ issued a demand letter on behalf of Lender UPC1 to Plaintiff; and (iii) recently, Jurist IQ paid arbitration fees on behalf of UPC1 in the LCIA Arbitration, even though it does ***not*** represent UPC1 in the arbitration. *See* Compl. ¶¶ 62-64.

Mr. Singh and Jurist IQ appear to be knowing participants in the scheme to defraud Plaintiff. Moreover, Plaintiff has a reasonable basis to believe that Mr. Singh was acting in his capacity as a business partner of Val Sklarov and other putative defendants, instead of acting as an attorney, including when he opened the bank accounts, received payments from Plaintiff, and paid arbitration fees on behalf of Lender UPC1. Given his position as the CEO of Jurist IQ and that entity's close connections with the Lenders, Plaintiff believes Mr. Singh and Jurist IQ will have discoverable information that could lead to the identification of additional malfeasors and establish their own involvement in the fraudulent scheme sufficient to enable Plaintiff to name them as defendants in this action.

A recent stock loan fraud action involving Mr. Sklarov, with Mr. Singh acting as his lawyer, further supports this request for additional discovery. In *Brent Satterfield v. Vstock Transfer, LLC* (N.Y. Sup.), Index No. 650311-2019, Mr. Sklarov and his co-defendants were sued for inducing plaintiff to pledge shares as collateral for a loan and then immediately selling the pledged shares and retaining the proceeds before issuing the loan funds. *See* NYSCEF No. 130. Defendants repeatedly failed to comply with the New York Supreme Court's order to return the shares and Mr. Sklarov failed to appear in court hearings. *See id.* No. 696. As a result, the court held Mr. Sklarov in contempt and issued a warrant for his arrest. *See id.* The similarities between the pattern of fraudulent schemes disclosed in that action and the instant action are uncanny.

Accordingly, Plaintiff respectfully requests leave to serve subpoenas for documents and depositions on Mr. Singh, Jurist IQ, and the other non-parties identified in the Banks' discovery. *See supra* page 1. Information obtained from these parties could enable Plaintiff to identify all culpable parties and their roles in the alleged fraudulent scheme, amend the Complaint accordingly, and serve process on the identified defendants. Plaintiff believes a deposition of Mr. Singh is particularly necessary because it is likely he will be uncooperative in response to a document subpoena given that he "has a habit of failing to comply with court orders." *See Am. 2030 Cap. Ltd. v. Sunpower Grp. Ltd.*, No. 19-CV-02676-CMA-KMT, 2020 WL 2079187, at *3, n.1 (D. Colo. Apr. 30, 2020) (finding Mr. Singh made misrepresentations to the court and "entirely culpable for the breakdown of the litigation process," and

---

[1] *See* Singh Law Firm, P.A., https://www.singhfirm.com/new-york/ (last visited Apr. 12, 2024).

[2] *See Jurist IQ Corp Entity Information*, NEW YORK DEPARTMENT OF STATE DIVISION OF CORPORATIONS, available at https://apps.dos.ny.gov/publicInquiry/EntityDisplay (last visited Apr. 12, 2024).



holding "[a]ny further conduct by [Mr. Singh] which demonstrates willful disregard of this Court's orders or of his duty of candor to the court will be referred to the appropriate attorney regulation committee")[3].

In light of the foregoing, Plaintiff respectfully requests that the Court grant Plaintiff leave to serve subpoenas for documents and depositions on the aforementioned individuals and entities.

Dated:  April 16, 2024

           Respectfully submitted,
           KING & WOOD MALLESONS LLP

           By: */s/ Vincent Filardo, Jr.*
                Vincent Filardo, Jr.
                Aaron T. Wolfson
                500 Fifth Avenue, 50th Floor
                New York, NY 10110
                (212) 319-4755
                vincent.filardo@us.kwm.com
                aaron.wolfson@us.kwm.com

---

[3] In the *Sunpower* case, *id.* 2020 WL 2079187, Mr. Singh represented an entity that was a co-defendant with Mr. Sklarov in the *Brent Satterfield* action, and believed to be owned and operated by Sklarov.