

800 Third Avenue
New York, NY 10022
+1 212 957 7600 phone
www.cohengresser.com

Mark S. Cohen
212 957 7601
mcohen@cohengresser.com

October 10, 2024

The Honorable Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

      Re: <u>Chenming Holdings v. Sklarov, et al., 24 CV 935 (KPF) (S.D.N.Y.)</u>

Dear Judge Failla,

      This firm represents defendants Val Sklarov and Tetyana Sklarov (together, "Moving Defendants") in the above-captioned case. Pursuant to Rule 4.A of Your Honor's Individual Rules of Practice in Civil Cases, we respectfully request a pre-motion conference regarding our anticipated non-consent motion to dismiss. If it is convenient to the Court, we are available to join the pre-motion conference that is already scheduled for October 29, 2024. ECF No. 69. We have discussed this proposal with Plaintiff's counsel, who does not consent. We note that Plaintiff has requested and obtained a Certificate of Default. ECF Nos. 70-72. We will oppose any motion for default judgment pursuant to the schedule set by the Court.

      <u>Background</u>: This dispute concerns collateralized securities loan agreements (the "Agreements") between Plaintiff and three non-party lenders ("Lenders"). ECF. No. 30 ("AC") ¶¶ 17, 27. Plaintiff is a sophisticated party and was represented by counsel in connection with the transactions. Plaintiff did not comply with the terms of the Agreements and is currently a party in arbitration (a required forum), in which it challenges those terms. Despite disclaiming reliance on representations extraneous to the Agreements, Plaintiff has also filed this lawsuit, in which it asserts duplicative claims of fraud and conversion against non-parties to the Agreements in an attempt to prosecute the same claims in a different forum.[1] For the reasons set forth herein, the six claims against the Moving Defendants should be dismissed.

      <u>No Personal Jurisdiction Exists Over the Moving Defendants</u>: The AC should be dismissed as against the Moving Defendants because it does not allege personal jurisdiction. Plaintiff relies on a state statute that provides for personal jurisdiction over a non-domiciliary who "commits a tortious act within the state." NY CPLR § 302(a)(2); AC ¶ 14. Such jurisdiction requires a defendant's physical presence in New York "at the time of the tort, a

---

[1] The AC asserts claims against the Moving Defendants and Jaitegh Singh (collectively, "Individual Defendants"); Sierra Universal Corp ("SUC"), UPC Holdings Ltd ("UPCH"), Lviv Estate Holdings Ltd ("Lviv"), and C Vanderbilt Management Ltd ("CVM") (collectively, "Servicer Defendants"); and Jurist IQ Corp. AC ¶¶ 4–11.



October 10, 2024
Page 2

requirement not satisfied even when the instrument of the tort itself is in New York." *Pramer S.C.A. v Abaplus Intl. Corp.*, 76 A.D.3d 89, 97 (1st Dept. 2010) (citations omitted).

Here, Plaintiff fails to allege any acts committed by the Moving Defendants in New York, much less tortious acts. Plaintiff's conclusory assertion that personal jurisdiction exists based on an alleged "conspiracy to commit and commission of tortious acts within the State of New York" is insufficient. AC ¶ 14. "[T]he mere conclusory claim that an activity is a conspiracy does not make it so especially when the complaint fails to establish that the alleged coconspirators knew their act would have an effect in New York." *Pramer*, 76 A.D.3d at 97 (citation omitted). Similarly, Plaintiff's allegations that the Moving Defendants "established Defendants UPCH, Lviv, and CVM, all of which are domestic New York corporations," and "opened several bank accounts in" New York to advance the alleged conspiracy, AC ¶ 14, also fail to establish personal jurisdiction, because none of the acts alleged were tortious. *See Krepps v. Reiner*, 414 F.Supp.2d 403, 407 (S.D.N.Y. 2006) ("The maintenance of a bank account in New York by a nondomiciliary does not subject the nondomiciliary to the jurisdiction of New York courts.") (citation omitted).

Plaintiff's Fraud Claims Are Not Cognizable or Pled with Particularity: Plaintiff's fraud-based claims (Counts I and II) fail as a matter of law because they are breach-of-contract claims against non-parties dressed in "tort clothing." *Exchange Listing, LLC v. Inspira Technologies, Ltd.*, 661 F.Supp.3d 134, 156 (S.D.N.Y. 2023).[2] Plaintiff alleges that it executed the Agreements and delivered collateral shares in reliance on "misrepresentations" that the Lenders would "return the Collateral Shares to Plaintiff upon full repayment" of the loans. AC ¶ 108. These "misrepresentations" allegedly "induce[d] Plaintiff to enter into the loan agreements and deliver the Collateral Shares," all while the Individual Defendants allegedly had "no intention" of returning those shares. *Id.* ¶¶ 110, 111. Plaintiff also alleges that the "Individual Defendants through the Lenders and Jurist IQ" falsely claimed default had occurred under the Agreements, which caused Plaintiff to deposit additional cash and shares that were then improperly "transferred and sold." *Id.* ¶ 119.

However, under New York law, this sort of "fraud-based claim is not cognizable if the facts underlying it are the same as or related to those underlying a breach of contract claim." *DM Manager LLC v. Fidelity National Information Services, Inc.*, 2024 WL 1347724, at *6 (S.D.N.Y. 2024) (citation omitted). Here, the alleged misrepresentations relate to the terms of repayment, the return of collateral, and events of default. As such, they necessarily rely on the text of the Agreements, and are not related to legal duties collateral or extraneous to the parties' contractual obligations. *See, e.g., W.B. David & Co., Inc. v. DWA Communications, Inc.*, 2004 WL 369147, at *5 (S.D.N.Y. 2004) ("For a fraudulent misrepresentation to be collateral or extraneous to a contract, it must be a promise to do something other than what is expressly required by the contract."). Allegations of an "insincere promise" to perform under a contract

---

[2] Plaintiff's potential claims—whether framed as contract or tort claims—must be brought pursuant to the applicable arbitration provisions in the Agreements. The Moving Defendants reserve the right, if appropriate, to move to compel arbitration.



October 10, 2024
Page 3

"are duplicative of a breach of contract claim and do not state a cause of action for fraud." *Ithaca Capital Investments I S.A. v. Trump Panama Hotel Mgmt. LLC,* 450 F.Supp.3d 358, 371 (S.D.N.Y. 2020) (citation and quotation marks omitted).

Separately, even if Plaintiff's fraud claims were cognizable, Plaintiff fails to allege specific facts with particularity, as required by F.R.C.P. 9(b), instead relying on conclusory allegations and improper group pleading. *See*, *e.g.*, AC ¶¶ 90, 107–12 (alleging that misrepresentations were made by "Individual Defendants" or "Defendants"). Indeed, Plaintiff does not allege a single statement made by either Moving Defendant or any communication whatsoever between the Plaintiff and Moving Defendants, much less a false statement or misrepresentation (and also cannot allege the required elements of any duty or justifiable reliance), which requires dismissal.

Plaintiff's Conversion Claim Fails as a Matter of Law: Similarly, Plaintiff's conversion claim (Count IV) fails as a matter of law because a "conversion claim 'cannot be predicated on a mere breach of contract.'" *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Monarch Payroll, Inc.*, 2016 WL 634083, at *6 (S.D.N.Y. 2016). Plaintiff alleges that the Individual Defendants, through the Lenders, "exercised an unauthorized dominion over" the collateral shares, refused to return them, and claimed events of default under the Agreements that caused Plaintiff to forfeit the shares. AC ¶ 133. Because the parties' rights are necessarily premised on the Agreements, Plaintiff's conversion claim should be dismissed.

Plaintiff's Conspiracy Claims Fail as a Matter of Law: Plaintiff's two conspiracy claims (Counts V and VI) fail as a matter of law because New York does not recognize an independent cause of action for conspiracy, and the underlying torts here fail as a matter of law. *See Alexander & Alexander of New York v. Fritzen*, 68 N.Y.2d 968, 969 (1986). They should also be dismissed because—in addition to relying on insufficient, conclusory allegations[3]—Plaintiff has failed to allege the required elements of a conspiracy claim, including the nature or existence of any purported agreement and overt acts committed by either Moving Defendant. *See Schottenstein v. Capla*, 2024 WL 4135303, at *5 (S.D.N.Y. 2024).

Plaintiff's Unjust Enrichment Claim Fails as a Matter of Law: Count VI also fails as a matter of law because it is duplicative of the fraud and conversion claims. It alleges only that Defendants have somehow been enriched by keeping or selling the collateral shares, AC ¶ 148, but "the existence of a valid and binding contract 'preclude[s] a claim for unjust enrichment even against a third party non-signatory to the agreement.'" *Rodriguez v. GB Lodging, LLC*, 2023 WL 5976223, at *9 (S.D.N.Y. Sept. 14, 2023) (citation omitted). Because the parties' rights are governed by the Agreements, Plaintiff's unjust enrichment claim should be dismissed.

---

[3] *See* AC ¶¶ 137, 143 (alleging that "Defendants and Lenders acting in concert agreed and conspired" to commit torts and "[e]ach Defendant committed overt acts in furtherance of the conspiracy").



October 10, 2024
Page 4

                                              Respectfully submitted,

                                              Mark S. Cohen
                                              Allon Lifshitz
                                              **COHEN & GRESSER LLP**
                                              800 Third Avenue, 21st Floor
                                              New York, New York 10022
                                              (212) 957-7600
                                              mcohen@cohengresser.com
                                              alifshitz@cohengresser.com