

500 Fifth Avenue
50th Floor
New York, New York 10110

T +1 212 319 4755

www.kwm.com

<u>Via ECF</u>
Honorable Katherine Polk Failla
United States District Court, Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007

**Re:** *Chenming Holdings (Hong Kong) Limited v. Sklarov et al.,* Case No. 1:24-cv-00935-KPF

Dear Judge Failla:

Plaintiff Chenming Holdings (Hong Kong) Limited ("Plaintiff") respectfully submits this letter pursuant to Rule 4(A) of Your Honor's Individual Practices and in response to the pre-motion letter of defendants Val Sklarov and Tetyana Sklarov ("Defaulting Defendants"). *See* ECF No. 74.

**A. Defaulting Defendants Should Not Be Allowed to File a Late Response**

Plaintiff properly served the Summons and the verified first Amended Complaint ("FAC") on Defaulting Defendants at 142 Gold Springs Court, Canton, Georgia, 30114 ("Georgia Address") on July 31, 2024, pursuant to CPLR § 308(4). *See* Affidavits of Service (ECF Nos. 52, 53); *Sartor v. Utica Taxi Ctr., Inc.*, 260 F. Supp. 2d 670 (S.D.N.Y. 2003). The response was due on August 21. On August 26, five (5) days after the deadline to respond had expired, Cohen & Gresser, LLP wrote the undersigned challenging the validity of service and demanding that Plaintiff serve Val Sklarov[1] overseas pursuant to FRCP 4(f). In that letter, counsel stated that Val Sklarov "does not reside" at the Georgia Address and asserted that the Affidavits of Service are "defective," "fatal," and "factually misleading."

The undersigned responded to the letter two (2) days later, discussing in detail the legal and factual bases supporting Plaintiff's valid service on Defaulting Defendants. The undersigned informed counsel that (i) the Georgia Address was represented to be Val Sklarov's address in the bank records produced by Community Federal Savings Bank pursuant to court-ordered discovery (*see* FAC ¶¶ 10, 19); (ii) Val Sklarov was successfully served at that same address in *Satterfield v. Vstock Transfer, LLC et al.* (N.Y. Sup., index no. 650311-2019); and (iii) he did not raise any objection to service in that action.

Between September 5 and September 26, Plaintiff's counsel had multiple phone calls and email exchanges with counsel for Defaulting Defendants, Messrs. Mark Cohen and/or Allon Lifshitz, during which counsel repeatedly represented that (i) they were not authorized to accept service on behalf of Val Sklarov; (ii) he does not reside in the United States; and (iii) service on him at the Georgia Address is defective. Counsel was emphatic that Val Sklarov must be served overseas but refused to disclose the purported foreign address at which he could be served. Indeed, on September 18, counsel steadfastly refused to acknowledge or accept service for Val Sklarov, instead requiring that he be found and then served at whatever location he allegedly resides in the World, only to curiously withdraw that demand one (1) day later when counsel then offered to accept service but only in return for 90 days to respond.

The reason for that curious reversal became clear on September 26 when the undersigned discovered that a witness statement (previously under seal) signed by Val Sklarov on September 1, 2024—7 days after counsel issued the letter challenging service at the Georgia Address—had been filed

---

[1] At the time, Mr. Cohen stated that his firm represented Val Sklarov but not his wife Tetyana Sklarov.

KING&WOOD
MALLESONS

by him in a case pending in the High Court of Justice in England and Wales,[2] wherein he testified that he resides at the Georgia Address.[3]

On September 26, we notified counsel of our discovery via phone and email. Despite previously acknowledging their awareness of the English Action, counsel never disclosed the existence of the witness statement but continued to assert that service at the Georgia Address is defective. On October 1, the undersigned had another call with Messrs. Lifshitz and Cohen during which they stated that Val Sklarov no longer intended to challenge service and asked for Plaintiff's consent to join the conference with the other defendants scheduled for October 29. On October 9, we notified counsel that Plaintiff would not consent, stated that defendants must first seek leave of the Court to file a late response, and nevertheless reserved the right to seek default judgment. On October 9, upon Plaintiff's application, the Clerk of the Court issued a Certificate of Default against Defaulting Defendants. *See* ECF No. 72.

The Court should deny Defaulting Defendants' request for their proposed late response because their default is willful and reeks of bad faith. *See, e.g.*, *Wagstaff-EL v. Carlton Press Co.*, 913 F.2d 56, 57 (2d Cir. 1990) (holding willful default "should be excused only for a compelling reason"); *In re Bossone*, No. 23-74118-AST, 2024 WL 3402545, at *2 (Bankr. E.D.N.Y. July 12, 2024) (granting default judgment upon "a clear pattern of delay and contumacious conduct by the defaulting party"); *Matrix Polymers, Inc. v. A-E Packaging, Inc.*, No. 15CV6040LDWSIL, 2017 WL 9485652, at *8 (E.D.N.Y. Jan. 5, 2017), *report and recommendation adopted*, No. CV 15-6040, 2017 WL 2189546 (E.D.N.Y. May 18, 2017) ("[R]ecent decisions in this Circuit have granted default judgments on the basis of a willful evasion of process, even when the two other factors—meritorious defenses and possible prejudice—have tended to favor vacatur"). Had it not been for Val Sklarov's witness statement disclosing his residence at the Georgia Address, Defaulting Defendants would have continued to dispute service, and demand that they be found and served overseas, thereby indefinitely delaying this action against them. They should not be rewarded for their subterfuge and consequent attempts to capitalize on it by misleading Plaintiff with the intention that Plaintiff agree to waive its right to seek default judgment.

**B. The FAC Has Alleged Facts Sufficient to Establish Personal Jurisdiction**

The FAC sufficiently establishes personal jurisdiction over Defaulting Defendants by alleging: (i) they committed tortious acts within New York; and, in furtherance of their conspiracy, (ii) established three New York-based Servicer Defendants[4], and (iii) opened bank accounts[5] with three New York banks to extract payments from Plaintiff and misappropriate those ill-gotten funds.

---

[2] The English case, CL-2024-000450 ("English Action"), is related to another action pending in this Court. *See In Re: Pliego et al.*, Case No. 1:24-mc-00394-LAK (S.D.N.Y.). In that case, Judge Kaplan ordered discovery on Jaitegh "JT" Singh and Jurist IQ Corp. in aid of the English Action where Val Sklarov is sued for perpetrating a near identical scheme of security loan fraud and for misappropriating collateral stock shares worth over $290 million. *See id.*, ECF No. 9.

[3] The first line of his witness statement reads "I, VAL SKLAROV, of 142 Gold Springs Court, Canton, Georgia 30114, USA, will say as follows." The last paragraph of the witness statement is entitled "Statement of truth," where he states, "I understand that proceedings for contempt of court may be brought against anyone who makes, or causes to be made, a false statement in a document verified by a statement of truth without an honest belief in its truth."

[4] Sierra Universal Corp ("SUC"), UPC Holdings Ltd ("UPCH"), Lviv Estate Holdings Ltd ("Lviv"), and C Vanderbilt Management Ltd. ("Vanderbilt"). *See* ECF No. 61. UPCH, Lviv and Vanderbilt are New York companies. *See* FAC ¶ 8.

[5] Their argument that the establishment of the New York-based Servicer Defendants and bank accounts "fail to establish personal jurisdiction" is meritless. *See, e.g.*, *FIA Leveraged Fund Ltd. v. Grant Thornton LLP*, 150 A.D.3d 492, 495 (1st Dep't 2017) ("Using a New York bank account for a fraudulent scheme constitutes a tort within New York."); *Bangladesh*



Contrary to Defaulting Defendants' assertions, the prerequisite to jurisdiction under CPLR § 302(a)(2) is satisfied because the FAC alleges that both Defaulting Defendants committed a tortious act while physically present in New York. *See Campbell v. Azrak*, No. 18-CV-03051 (PMH), 2020 WL 4001894, at *2 (S.D.N.Y. July 15, 2020). The FAC alleges that Tetyana Sklarov is the President of Lviv and, in that capacity, applied to open a JPMorgan Chase Bank N.A. ("Chase") account on behalf of Lviv. *See* FAC ¶¶ 10, 50 60, 96. Likewise, Val Sklarov is the sole shareholder and ultimate beneficial owner of UPCH and CVM, and the individual authorized to manage the Community Federal Savings Bank ("CFSB") accounts beneficially held by UPCH and CVM. *See id*. ¶¶ 59, 71. These three New York-based Servicer Defendants were established shortly after Defaulting Defendants induced Plaintiff to enter into the loan agreements, and used by them to conceal their identity and hold various New York bank accounts for purposes of perpetrating the fraud against Plaintiff. These facts create a reasonable inference that Defaulting Defendants were physically present in New York when they committed the tortious acts.

Moreover, personal jurisdiction is proper under the conspiracy and agency theories of jurisdiction. *See, e.g.*, *PharmacyChecker.com, LLC v. Nat'l Ass'n of Boards of Pharmacy*, 530 F. Supp. 3d 301, 324 (S.D.N.Y. 2021) ("[W]here a plaintiff has presented a sufficient showing that a conspiracy exists, personal jurisdiction may exist over a defendant based on acts that were committed by his co-conspirators."); *Andre Emmerich Gallery, Inc. v. Segre*, No. 96 CIV. 889 (CSH), 1997 WL 672009, at *4 (S.D.N.Y. Oct. 29, 1997) ("[T]ortious acts of a co-conspirator within New York may be attributed to an out-of-state defendant in order to obtain personal jurisdiction over the defendant" pursuant to conspiracy jurisdiction). To the extent Defaulting Defendants were not physically present in New York when they committed the tortious acts (which is denied), personal jurisdiction still exists because the acts of the in-state co-conspirators (Singh, Jurist IQ, and the three Servicer Defendants) are attributed to them.

**C. Defaulting Defendants Do Not Have a Meritorious Defense to Plaintiff's Claims**

Defaulting Defendants regurgitate the meritless arguments asserted by the other defendants. *See ECF* Nos. 61, 64. Plaintiff respectfully refers the Court to its response to those defendants' pre-motion letters. *See ECF* No. 68. At bottom, the FAC sufficiently alleges that Val Sklarov is the kingpin of the group of co-conspirators, and that this scheme was one of many stock loan fraud schemes that he and his enterprise has continuously perpetrated against multiple victims to this date with the assistance of his longtime business associate and attorney, Jaitegh Singh, among other co-conspirators.

\* \* \* \*

Plaintiff respectfully requests that Your Honor deny the request for leave to file a late response. Defaulting Defendants should nonetheless be ordered to appear in person: (i) to explain their willful default and why a default judgment should not be entered against them; and (ii) for any future proceedings before the Court. Given Val Sklarov's notorious track record of chicanery and subterfuge—including as evidenced in this action—any representation by him or his counsel that he will abide by Court process and deadlines is not reliable. Without such an order, Sklarov will not hesitate to disappear again if it suits his interests, as he has done in the past. Indeed, in *Satterfield*, one year after his initial appearance, he refused to appear at a court-ordered hearing, resulting in the issuance of a warrant for his arrest, which remains outstanding to this day. *See Satterfield*, ECF No. 697; FAC ¶ 104.

---

*Bank v. Rizal Com. Banking Corp.*, 226 A.D.3d 60, 76 (1st Dep't 2024) (finding personal jurisdiction even though "neither a defendant nor its agents had physical contacts" with New York "where an out-of-state defendant uses a modern-day financial system and a New York based bank account to commit a financial fraud tort within the boundaries of New York").



Dated: October 16, 2024

                                        Respectfully submitted,
                                        KING & WOOD MALLESONS LLP

                                        By: */s/ Vincent Filardo, Jr.*
                                              Vincent Filardo, Jr.
                                              Aaron T. Wolfson
                                              500 Fifth Avenue, 50th Floor
                                              New York, NY 10110
                                              (212) 319-4755
                                              vincent.filardo@us.kwm.com
                                              aaron.wolfson@us.kwm.com