**COHEN & GRESSER LLP**

800 Third Avenue
New York, NY 10022
+1 212 957 7600 phone
www.cohengresser.com

Mark S. Cohen
212 957 7601
mcohen@cohengresser.com

October 22, 2024

The Honorable Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

   Re: <u>Chenming Holdings v. Sklarov, et al., 24 CV 935 (KPF) (S.D.N.Y.)</u>

  This firm represents defendants Val Sklarov and Tetyana Sklarov (together, "Moving Defendants") in the above-captioned case.  We thank the Court for permitting our clients to participate in the conference scheduled for October 29, 2024.

  We respectfully submit this letter to address solely Point A of Plaintiff's letter to the Court dated October 16, 2024, which argues that Moving Defendants should not be permitted to respond to the Amended Complaint.  (ECF No. 76.)  We were surprised by the personal attacks on Mr. Sklarov and his counsel, in which Plaintiff accuses our clients of "willful default" and us of "bad faith," "subterfuge," and "misleading" them.  These allegations have no merit.  Critically, in making these attacks, Plaintiff omits the full scope of the communications between the parties, which show that there is no basis for the relief sought.  If anything, the full sequence of events calls Plaintiff's own recent tactics into question.  While we would not ordinarily seek to submit a reply, given the nature of the allegations we believe we have no choice but to correct the record before the Court.[1]

  On August 6, 2024, Plaintiff filed Affidavits of Service as to the Moving Defendants, claiming to have served them on July 31, 2024, at an address in Georgia.  Plaintiff's own affidavits demonstrated the limitation of its position, as they admit to making seven unsuccessful attempts to serve at that address between July 2, 2024 and July 20, 2024, and noted that there were no indices of residence by anyone – no vehicles were present there, no lights were on, and no activity at all could be seen. (ECF No. 52 at 1, 4; ECF No. 53 at 1, 4.)

  On August 26, 2024, shortly after we were retained, we sent Plaintiff a letter stating that service was improper because, among other things, Mr. Sklarov did not reside at the address.[2]  We offered to discuss the matter.  Tellingly, we did not wait until after litigation had gone far along to raise the service issue, but rather raised it right away, in writing, so that Plaintiff could respond to it.  This is the opposite of trying to mislead.  On August 28, 2024,

---

[1] We note that the Court's Individual Rules of Practice do not address replies to pre-motion letters.
[2] Because we did not represent Mrs. Sklarov yet, we limited our arguments to Mr. Sklarov.  However, they apply to both Moving Defendants.

Case 1:24-cv-00935-KPF    Document 78    Filed 10/22/24    Page 2 of 3



October 22, 2024
Page 2

Plaintiff sent us a letter in response, arguing that, in its view, service was proper because discovery showed that Mr. Sklarov used the address when he opened bank accounts in 2021 and it was used to serve him in a 2019 state-court case. Plaintiff proposed that "[a]s a compromise, we can use [the date when we were retained] to calculate his response time," and they also offered to discuss the matter further.

On September 5, we spoke with Plaintiff's counsel, and we continued to disagree regarding the service issue. However, both sides agreed that, to try to resolve the situation, Plaintiff would make an offer in which we would accept service and Plaintiff would give us time to respond.³ We noted that we were not authorized to accept service. Far from being an effort to mislead, as Plaintiff well knows, this is a standard practice whenever issues relating to service are discussed among opposing counsel.

On September 9, 2024, Plaintiff's counsel offered to give us 45 days to respond if we would accept service. On September 19, 2024, we told Plaintiff's counsel we would accept service in exchange for 90 days to respond. We expected Plaintiff to respond and the parties to agree on an intermediate position (*e.g.*, 60 days), resolving the matter. In our view, these were standard discussions about service and briefing dates that take place in many litigations. It was an effort to reach a schedule to litigate the case on its merits – and the very opposite of any effort to mislead. Indeed, Plaintiff's counsel said they would respond to us soon. But we did not receive a response until a week later, when, on September 26, 2024, Plaintiff rejected our proposal, withdrew its original proposal of 45 days to respond, and claimed that Mr. Sklarov, who had offered to litigate the case on an agreed-upon schedule, was now in default.

On September 20, 2024, the Court posted on ECF that it had set a conference for certain co-defendants in this matter to discuss their pre-motion letters. In light of the Order, we again contacted counsel. On October 1, 2024, we offered to accept service and proceed according to whatever timeline the Court set for the other defendants in this action. This eliminated any conceivable prejudice to Plaintiff. We asked Plaintiff's counsel if they would consent to that proposal and agree not to move for default, so as to avoid needless collateral litigation. Plaintiff's counsel said they would discuss the proposal with their client. In a tactic they failed to mention in their recent letter, they then told us that they needed several days to respond due to the upcoming Jewish Holidays, as well as a holiday in China, where their client resides, which they claimed would make it difficult to contact their client. We deferred to their stated need for

---

³ We were surprised by the allegation that we "never disclosed the existence" of a filing dated September 2, 2024, in a case in the United Kingdom. (ECF No. 76 at 2.) <u>First</u>, Plaintiff's counsel knew that we did not represent any party in that proceeding, and has no basis for its allegation. <u>Second</u>, Plaintiff's reliance on the filing misses the point – it does not change the fact that the Moving Defendants did not reside at the address in Georgia, which is the critical question for service under N.Y. CPLR 308(4), the rule relied upon by Plaintiff (*see* ECF No. 52 at 1; ECF No. 53 at 1). *Feinstein v. Bergner*, 48 N.Y.2d 234, 241 (1979) (holding that service under N.Y. CPLR 308(4) was ineffective where the summons was affixed to last known residence rather than actual abode). The issue in any litigation over service – which litigation we sought to avoid by accepting service – would not be whether Moving Defendants owned the property in Georgia, or the effect of the filing in the UK, but rather whether the Moving Defendants resided at the address.



more time to respond, and, believing that we would hear back from them and resolve the issue on consent, we refrained from filing our letter requesting a pre-motion conference. But apparently the holidays did not prevent Plaintiff from consulting with their client. On October 9, 2024, Plaintiff's counsel told us they did not consent to our proposal. They then immediately requested and obtained a Certificate of Default from the Clerk of Court before we could even file our pre-motion letter, without disclosing the communications that had taken place between the parties. (ECF Nos. 70-72.)

Plaintiff's goal is obvious: rather than address the merits, they seek to taint Mr. Sklarov and his counsel before the Court. And their effort to bar our proposed motion as a "late response" (*see*, *e.g.*, ECF No. 76 at 1) fails under Rule 6(b). Under that rule, courts permit late filings where the delay is excusable. *See Luo v. Baldwin Union Free School District*, 677 Fed.Appx. 719, 720 (2d Cir. 2017) (holding that "Rule 6 permits a district court to extend an expired deadline 'if the party failed to act because of excusable neglect'" and observing that "[e]xcusable neglect is an 'elastic concept'") (citations omitted). Such is the case here, where the two-month period of delay consisted of the parties engaging in negotiations over service and scheduling, and where, ultimately, our clients agreed to proceed on the schedule to be set by the Court on October 29, so that there is no prejudice to Plaintiff.[4]

In sum, we respectfully request that the Court deny any motion to bar our response. We are prepared to move forward as per the Court's direction at the October 29, 2024 conference.

Respectfully submitted,

Mark S. Cohen
Allon Lifshitz
**COHEN & GRESSER LLP**
800 Third Avenue, 21st Floor
New York, New York 10022
(212) 957-7600
mcohen@cohengresser.com
alifshitz@cohengresser.com

---

[4] The cases that Plaintiff cites (ECF No. 76 at 2) are inapposite. In *Wagstaff-EL v. Carlton Press Co.*, 913 F.2d 56, 57 (2d Cir. 1990), the defendant had been served by mail, missed the deadline to answer, and waited 8 months until after default judgment had been entered to move to vacate the default judgment. In *Matrix Polymers, Inc. v. A-E Packaging, Inc.*, No. 15 CV 6040 (LDW) (SIL), 2017 WL 9485652, at *8 (E.D.N.Y. Jan. 5, 2017), the defendants had been properly served, the default judgment had been entered, and the court found that the defendants had chosen to ignore the suit and had made no effort to appear in the litigation. Finally, in *In re Bossone*, No. 23-74118-AST, 2024 WL 3402545, at *2 (Bankr. E.D.N.Y. July 12, 2024), the court *denied* a motion for default judgment against a defendant who had filed a late answer.