

500 Fifth Avenue
50th Floor
New York, New York 10110

**T** +1 212 319 4755

**www.kwm.com**

<u>Via ECF</u>
Honorable Katherine Polk Failla
United States District Court, Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007

**Re:** ***Chenming Holdings (Hong Kong) Limited v. Sklarov et al.,*** **Case No. 1:24-cv-00935-KPF**

Dear Judge Failla:

Plaintiff Chenming Holdings (Hong Kong) Limited ("Plaintiff") respectfully submits this letter in response to defendants Val Sklarov and Tetyana Sklarov's ("Defaulting Defendants") submission dated October 22, 2024. *See* ECF No. 78.

Defaulting Defendants' submission is a violation of Your Honor's Individual Practices Rule 4(A), which allows each side to make only one pre-motion submission, i.e., a pre-motion letter by the moving party and an opposition letter. Defaulting Defendants' statement that "the Court's Individual Rules of Practice do not address [sur]replies to pre-motion letters" deliberately misinterprets Your Honor's Rules. Those Rules preclude the filing of any sur-reply letter by setting a page limit to each side's letter and requesting only one courtesy copy "of the letter motion and opposition" to be emailed to Chambers. To interpret the Rules otherwise would render the page limit requirement meaningless and effectively allow parties to engage in a never-ending letter writing campaign prior to motion practice.

Given Defaulting Defendants' unsavory tactics and perhaps unsurprising deliberate violation of Your Honor's Rules, Plaintiff respectfully requests that the Court strike Defaulting Defendants' submission in its entirety.

Under normal circumstances, this letter would have ended here. However, the undersigned felt compelled to respond to the mischaracterizations and personal attacks made against them in Defaulting Defendants' submission.

Counsel for Defaulting Defendants issued a letter on August 26, 2024—"shortly after [they] were retained"—to challenge Plaintiff's service on Defaulting Defendants at the Georgia Address. Defaulting Defendants' deadline to respond to the FAC expired five (5) days earlier, on August 21, 2024. *See* ECF Nos. 52 & 53. Counsel do not state the exact date on which they were retained. To the extent they were retained before August 21, 2024, it is "standard" (to quote counsel's language) for counsel, even during the initial consultation phase prior to being formally engaged, to advise their client of the deadlines in an ongoing litigation to avoid adverse consequences, such as a default judgment. The August 26 letter was sent on behalf of defendant Val Sklarov. To the extent the purpose of that letter was to resolve the service issue without litigation, counsel do not explain the reasons behind Tetyana Sklarov's default.

To be clear, Defaulting Defendants had one mission by sending the August 26 letter through counsel, to hide the fact that service was proper and insulate themselves from default—as evidenced by counsel's outright rejection to accept service on behalf of Defaulting Defendants, denial of the validity of service, and the demand that Plaintiff "withdraw the Proof of Service" filed with the Court. How are those statements by Defaulting Defendants and their counsel not "mislead[ing]" when defendant Val Sklarov stated in sworn affidavit filed in court six (6) days later on September 1, 2024, that he actually resides at the same Georgia Address where service was affected? Counsel attempts to diminish the



significance of Val Sklarov's witness statement by arguing that the "issue in any litigation over service . . . would not be . . . the effect of the filing in UK." This is plainly wrong and ignores the myriad of New York cases on willful default. Plaintiff will not burden the Court by repeating the case law cited to and explained in detail in Plaintiff's Motion by way of Order to Show Cause for Default Judgment.

As counsel acknowledged, upon receipt of the August 26 letter, Plaintiff initially sought to resolve the issue through a comprise, by offering to give Defaulting Defendants additional time to respond in exchange for counsel's acceptance of service on their behalf. What counsel failed to disclose to the Court is that—in their letter and at least on the initial phone calls with the undersigned—they outright rejected Plaintiff's compromising offer and instead, insisted that Defaulting Defendants be found and then served overseas at whatever location they allegedly reside in the World. When the undersigned inquired about Defaulting Defendants' alleged foreign address, however, counsel refused to disclose that information. Rather, counsel suggested that Plaintiff could hire an investigative company to track Defaulting Defendants down and serve them. Contrary to their representations to the Court, counsel never affirmatively agreed to accept service of process on behalf of Defaulting Defendants until September 18, 2024. What they did ask was Plaintiff to make offers which they would present to their clients with the understanding that in response to an offer, their clients *may* authorize them to accept service.

Counsel only changed their position regarding service on September 18, 2014, because during a phone call between counsel and undersigned on September 17, the undersigned stated that Plaintiff was prepared to seek appropriate remedies (i.e. default judgment) from the Court should Defaulting Defendants continue to resist service. Even then, counsel insisted that Defaulting Defendants be provided an additional 90 days—on top of the extra time they had already had since August 21, 2024—to respond.

Lastly, counsel took issue with the fact that it took the undersigned nine (9) days, between October 1 and October 9, 2024, to reject their 90-day proposal. Defaulting Defendants has had over 80 days since they were served on July 31, 2024 to file a response to the FAC and they have not done so. To the extent counsel "refrained from filing [their] letter requesting a pre-motion conference," why did they have to wait until the filing of the pre-motion letter to file their notices of appearance? Why did counsel "refrain from" requesting a pre-motion conference as soon as they became aware of the Court's order setting a date for the conference? The answer is simple, they wanted to hide all the subterfuge regarding service and insulate their clients from default. More important, counsel appears to be seizing on this fact to tarnish the credibility of Plaintiff and its counsel, this cannot be tolerated. The entire population in China celebrated the Chinese National Day holiday between October 1 and 7, 2024—the significance of this holiday is in many ways akin to the Christmas holiday in the United States, where businesses are closed for an extended period. Being unfamiliar with a foreign culture is one thing, but relying on their ignorance to make implausible personal attacks on others is an entirely different matter.

Dated:  October 24, 2024

Respectfully submitted,

KING & WOOD MALLESONS LLP



By: _/s/ Aaron Wolfson_
     Aaron T. Wolfson
     Vincent Filardo, Jr.
     500 Fifth Avenue, 50th Floor
     New York, NY 10110
     (212) 319-4755
     aaron.wolfson@us.kwm.com
     vincent.filardo@us.kwm.com