# Exhibit A

Case 1:24-cv-00935-KPF   Document 9-2   Filed 02/20/24   Page 2 of 11

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | |
|---|---|
| CHENMING HOLDINGS (HONG KONG) LIMITED, <br> *Plaintiff* <br> v. <br> JOHN DOES 1-10, individuals and/or entities whose names are currently unknown to Plaintiff, <br> *Defendant* | ) ) ) ) ) ) )  Civil Action No. 1:24-cv-00935-KPF |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Citibank, N.A.
388 Greenwich Street, New York, NY 10013

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: **see Attachment.**

| Place: King & Wood Mallesons LLP <br> 500 Fifth Avenue, 50th Floor, <br> New York, NY 10110 | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

            *CLERK OF COURT*
                                        OR

_____              _____
*Signature of Clerk or Deputy Clerk*                         *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Plaintiff Chenming Holdings (Hong Kong) Limited _____, who issues or requests this subpoena, are:

Vincent Filardo, Jr. Esq., 500 Fifth Avenue, 50th Floor, New York, NY 10110, Email: vincent.filardo@us.kwm.com, Tel: (212) 319-4755

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Case 1:24-cv-00935-KPF    Document 99-2    Filed 12/20/24    Page 3 of 11

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:24-cv-00935-KPF

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case 2:24-cv-00935-PKF Document 9-2 Filed 12/20/24 Page 4 of 11

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Attachment to Citibank, N.A. Subpoena**

**DEFINITIONS**

1. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside of its scope.

2. The term "including" means "including without limitation" or "including but not limited to" the referenced items of information. The use of "including" in describing categories of documents should not be read to narrow any request.

3. The terms "all," "any," "each," and "every" shall each be construed as all, and/or each as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

4. The use of the singular form of any word includes the plural and vice versa.

5. "Action" means the action filed by Plaintiff Chenming Holdings (Hong Kong) Limited on February 8, 2024 and captioned *Chenming Holdings (Hong Kong) Limited v. John Does 1-10*, Case No. 1:24-cv-00935-KPF, Southern District of New York (Foley Square).

6. "Communication" means the transmittal of information of any kind and in any form.

7. "Concerning" means comprising, consisting of, concerning, referring to, relating to, regarding, supporting, describing, evidencing, constituting, prepared in connection with, used in preparation for, or being in any way legally, logically or factually concerned with the manner or document described, referred to or discussed.

8. "Document" and "documents" shall have the broadest meaning permitted under the Federal Rules of Civil Procedure and include mean all Electronically Stored Information, data,

images, and system information (e.g., logs or "metadata" created by a computer system detailing and tracking events on the system, including changes to documents), and all originals, copies (if the originals are not available), and non-identical copies of any recorded, written, printed, typed or other graphic material of any kind, variety, type, or character, wherever located, including, without limitation: books, records, contracts, agreements, promissory notes, invoices, orders, loan agreements, bills, e-mails, mortgages, deeds of trust, security agreements, handwritten notes, financing statements, instruments, expense accounts, canceled checks, bank statements, bank books, receipt and disbursement journals, tax returns, financial statements, check stubs, address books, telephone logs, worksheets, pictures, income statements, profit and loss statements, deposit slips, credit card receipts, letters, telexes, sound, tape and video recordings, memoranda (including written memoranda of telephone activities), minutes, manuals, correspondence, notices, statements, letters, telegrams, reports, interoffice communications, photostats, microfilm, microfiche, maps, photographs, negatives, and other data, information, or statistics contained within any data storage modules, tapes, discs, or any other memory devices, or internal databases, repositories or systems.

9. "Identify" shall have the following meaning when used in the following context:

   a. When used in connection with a natural person, please state his or her: (i) full name; (ii) present or last known address (including street name and number, city and state); (iii) present or last known business address; (iv) present position, business affiliation, and job description and, if unknown, so state and set forth the corresponding last known such information; and (v) position, business affiliation, and job description at the time in question, with respect to the request involved.

2

  b. When used in connection with a corporation, partnership, association, joint venture, firm, or other business enterprise or legal entity, please state in the answer in each instance (i) the full name and address and (ii) the identity of all persons who acted or were authorized to act on its behalf in connection with the matter referred to.

10.  "You" or "Bank" shall mean Citibank, N.A.

11.  "Plaintiff" or "Chenming" shall mean Chenming Holdings (Hong Kong) Limited or anyone acting on its behalf, including any employee, representative, agent, officer, attorney, or accountant.

### INSTRUCTIONS

1.  In responding to these requests, you shall produce all responsive documents which are in your possession, custody, or control or in the possession, custody, or control of your predecessors, successors, parents, subsidiaries, divisions, or affiliates, or any of your directors, officers, managing agents, agents, employees, attorneys, accountants, or other representatives. A document shall be deemed to be within your control if you have the right to obtain the document or a copy of the document from another person having possession or custody of the document.

2.  For avoidance of doubt, a request herein for documents concerning any particular subject matter includes a request for all communications concerning that subject matter and a request for all documents concerning such communications.

3.  Each request should be constructed independently, and not with reference to any other request for purposes of limitation.

4.  These requests are continuing in character so as to require the Bank to supplement its responses and produce additional documents if it locates or obtains possession, custody or control of such additional responsive documents at any time prior to the trial in the case.

3

5. If any request is deemed to call for the production of privileged or work product materials and any documents or information are not produced because such privilege or work product is asserted, the Bank is instructed to provide:

    a) the nature of the privilege (including work product) that is being claimed;

    b) the type of document being withheld based upon the asserted privilege;

    c) the general subject matter of the document;

    d) the date of the document; and

    e) such other information as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate, the author of the document, the addressee of the document, and, where not apparent, the relationship of the author and addressee to each other.

6. If any document requested herein was at one time in existence, but has been lost, discarded or destroyed (including the deletion from any computer of any responsive document), the Bank is instructed to identify such document completely, providing as much of the following information as possible:

    a) the type of document;

    b) its date;

    c) the contents, subject(s), title, subtitles, nature, or scope of the document;

    d) the date or approximate date the document was lost, discarded or destroyed;

    e) the circumstances and manner in which the document was lost, discarded or destroyed;

    f) the reason or reasons for disposing of the document (if discarded or destroyed);

    g) the identity of all persons authorizing or having knowledge of the circumstances surrounding the disposal of the document:

    h) the identity of the person(s) who lost, discarded or destroyed the document; and

    i) the identity of all persons having knowledge of the contents thereof.

7. All documents shall be produced as they are kept in the usual course of business or you shall organize and label them to correspond with the categories in the requests. In this connection, and for purposes of illustration, all documents should be produced in the file folders and file cartons in which they have been maintained or stored, clipped, stapled, or otherwise arranged in the same form and manner as they were found. If you choose to produce documents corresponding with the categories in the requests, you should identify the file folders, drawer or cartons in which the documents were originally maintained and the person or persons in whose custody or control such files are or were maintained. Documents that have been maintained or stored electronically shall be produced as native files, including all metadata.

8. If any of the documents cannot be produced in full, produce them to the extent possible, stating the reasons for your inability to produce the remainder, stating whatever information, knowledge, or belief you have concerning the produced portion.

9. All electronically stored information ("ESI") shall be produced in Single paged Tagged Image File Format (.tiff) with Optical Cross-Reference (i.e., OPT) and a Relativity (i.e., DAT) Cross-Reference Loadfile. All ESI shall be produced to a media (e.g., CD, DVD, or HDD) as required by data size. Defendants reserve the right to amend or otherwise modify this Instruction in light of any agreement between the parties or for any other appropriate reason.

10. Plaintiff expressly reserves the right to serve additional requests for discovery.

## DOCUMENT REQUESTS

1. All documents and information necessary to identify the individuals or entities who are authorized users or signatories to the following bank account ("Bank Account") and/or are designated as the beneficiaries of the Bank Account:

> Deltec Bank and Trust Limited
> Deltec House Lyford Cay, P.O. Box N-3229, Nassau, Bahamas
> Bank: Citibank, NA, New York
> Beneficiary Account Number: ▇2100
> Beneficiary Bank ABA: 021000089
> Beneficiary Bank SWIFT: CITIUS33XXX

2. All documents and information including, without limitation, all letters, emails, phone messages, notes of discussions, credit checks and investigations performed pursuant to "Know Your Customer" requirements concerning the correspondent Bank Account, that are necessary to identify the signatories or ultimate beneficiaries of the foreign bank account(s) with Deltec Bank and Trust Limited.

3. All documents and information concerning any correspondent account agreement entered between the Bank and Deltec Bank and Trust Limited, that are necessary to identify the signatories or ultimate beneficiaries of the foreign bank account(s) with Deltec Bank and Trust Limited.

4. All documents and information concerning the signatories, ultimate beneficiaries, and/or agents of the foreign bank account(s) with Deltec Bank and Trust Limited who are designated to accept service of legal process regarding the correspondent Bank Account.

5. All documents and information including, without limitation, transaction records, concerning the deposit of funds into the foreign bank account(s) with Deltec Bank and Trust Limited, that are necessary to identify the signatories or ultimate beneficiaries of the foreign bank account(s) with Deltec Bank and Trust Limited.

6

6. All documents and information necessary to identify the individuals or entities who made an application to open the Bank Account, and/or the individuals and entities whose names appear on any account opening documents or applications, including, but not limited to signature cards, copies of identification documents, and/or copies of any corporate or partnership resolutions and other business documents.

7. All documents and information sufficient to show online access to the accounts identified above including date, time, session length, transactions occurring during online session, and the internet service provider (ISP) address and Internet Protocol (IP) address used to access the Bank Account for each session.

8. All documents and information necessary to identify the individuals who are authorized signatories to the Bank Account or who have the permission to authorize transactions or make necessary changes to the Bank Account.

9. All documents and information concerning the addresses, e-mail addresses, and/or other contact information which are used or have been used to receive copies of the statements or transaction records of the Bank Account.