

800 Third Avenue
New York, NY 10022
+1 212 957 7600 phone
www.cohengresser.com

Allon Lifshitz
212 682 9413
alifshitz@cohengresser.com

January 6, 2025

**VIA ECF**

The Honorable Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007



Re: <u>Chenming Holdings v. Sklarov, et al., 24 CV 935 (KPF) (S.D.N.Y.)</u>

Dear Judge Failla,

This firm represents defendants Val Sklarov and Tetyana Sklarov (together, "Moving Defendants") in the above-captioned case.

We consent to the pending request made by Defendants Jaitegh "JT" Singh and Jurist IQ Corp. to seal Exhibits 1-4 to Mr. Singh's Declaration in Support of the Motion to Dismiss Plaintiff's Second Amended Complaint, ECF No. 102, Exs. 1-4.

Those exhibits are relevant to Moving Defendants' motion to dismiss because they are the loan agreements referenced in Plaintiff's Second Amended Complaint, and the terms of the agreements are relevant to Moving Defendants' motion.

"Documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (citing *In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1948)). "[B]usiness information [that] would result in competitive harm" if disclosed can overcome the presumption of public access to court-filed documents. *Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp.*, 2021 WL 1541385, at *2 (S.D.N.Y. Apr. 20, 2021) (granting sealing of business information).

The aforementioned agreements contain confidentiality provisions that prohibit public disclosure, and they contain financial and non-financial terms that could result in competitive harm to Plaintiff and Plaintiff's counterparties – non-party lenders – if disclosed. Moving Defendants therefore respectfully request to redact those portions of Moving Defendants' Memorandum of Law in Support of their Motion to Dismiss the Second Amended Complaint (the "Memorandum") that contain excerpts from the aforementioned agreements. *Securities and Exchange Commission v. Ripple Labs, Inc.*, 20 CV 10832 (AT), 2023 WL 3477552, at *6 (S.D.N.Y. May 16, 2023) (sealing contracts where the privacy interests of non-parties would be



detrimentally affected by disclosure of confidential contracts that parties expect to remain private).

      Pursuant to Rule 9.B of Your Honor's Individual Rules of Practice, we have filed this letter publicly via ECF and will also submit (i) this letter; (ii) a clean, unredacted version of the Memorandum; and (iii) a copy of the Memorandum highlighting the information that has been redacted in the public ECF filing.

      Respectfully submitted,

*Allon Lifshitz*

Mark S. Cohen
Allon Lifshitz
Matthew V. Povolny
**COHEN & GRESSER LLP**
800 Third Avenue, 21st Floor
New York, New York 10022

cc: All parties (via ECF)

---

Application GRANTED. The Clerk of Court is directed to maintain docket entry 113 under seal, viewable to the Court and the parties only.

The Clerk of Court is further directed to terminate the pending motion at docket entry 110.

Dated:  January 7, 2025            SO ORDERED.
      New York, New York

*Katherine Polk Failla*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE