

January 6, 2025

BRYAN CAVE LEIGHTON PAISNER LLP
1290 Avenue of the Americas
New York NY 10104 3300
T: +1 212 541 2000
F: +1 212 541 4630
bclplaw.com

Eric Rieder
Partner
Direct:  +1 212 541 2057
Fax:  +1 212 541 4630
Eric.rieder@bclplaw.com



**Via ECF**
The Honorable Katherine Polk Failla
United States District Court for the Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007

**Re:**   ***Chenming Holdings (Hong Kong) Limited v. Sklarov et al.* (1:24CV00935) –
Letter Motion to Seal**

Dear Judge Failla:

This firm represents defendants Sierra Universal Corp ("SUC"), UPC Holdings Ltd ("UPCH"), Lviv Estate Holdings Ltd ("Lviv"), and C Vanderbilt Management Ltd. ("CVM") (collectively, the "Servicer Defendants").  Pursuant to Your Honor's Individual Rule 9(B), the Servicer Defendants respectfully request approval to redact portions of their memorandum of law in support of their Motion to Dismiss Plaintiff's Verified Second Amended Complaint that quote directly from four confidential stock loan agreements (collectively, the "Loan Agreements") between Plaintiff Chenming Holdings (Hong Kong) Ltd. ("Plaintiff") and three non-party lenders ("Lenders").

The Loan Agreements have been submitted as exhibits (ECF 102, Exs. 1-4) to motions to file under seal (ECF 100) and to dismiss Plaintiff's complaint filed by defendants Jaitegh Singh and Jurist IQ Corp.  These agreements are highly relevant to the Servicer Defendants' motion to dismiss, including terms that release claims against the Servicer Defendants.  The Loan Agreements also contain confidentiality provisions that prohibit public disclosure.  As a result, the Servicer Defendants ask that this Court allow the Servicer Defendants to file certain redactions to their briefing to allow the Loan Agreement parties an opportunity to seek a further sealing order.

"It is beyond question that a court may issue orders prohibiting disclosure of documents or information." *F.D.I.C. v. Ernst & Ernst*, 677 F.2d 230, 232 (2d Cir. 1982). "Documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (citing *In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1948)). Examples of "higher values" that overcome the presumption of public access to court-filed documents include "business information [that] would result in competitive harm" if disclosed. *Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp.*, 2021 WL 1541385, at *2 (S.D.N.Y. Apr. 20, 2021) (granting sealing of business information).

The Honorable Katherine Polk Failla
January 6, 2025
Page 2

Courts have also held that "third-party privacy interests outweigh the presumption of public access." *Sec. & Exch. Comm'n v. Ripple Labs, Inc.*, 2023 WL 3477552, at *7 (S.D.N.Y. May 16, 2023). Specifically, where "business relationships and interests, and the privacy interests of non-parties[] would be detrimentally affected by the disclosure of confidential contracts that the parties expect to remain private" sealing is necessary. *Id.*, at *6.

Here, none of the Servicer Defendants, Mr. Singh or Jurist IQ is a party to the Loan Agreements. Those Agreements, however, contain financial and non-financial terms negotiated by Plaintiff and the Lenders, whose competitive ability to enter into future loan agreements and to negotiate better terms with future counterparties may be impaired if details of the Loan Agreements are made public. Accordingly, the Servicer Defendants request that they be allowed to redact the limited portions of their briefing that reveal specific terms of the Loan Agreements.

We have filed this letter publicly on ECF and will also, pursuant to Rule 9.B of Your Honor's Individual Rules of Practice, submit (i) this letter, (ii) an unredacted version of the Servicer Defendants' memorandum of law, and (iii) a copy of the memorandum highlighting the information that has been redacted in the public ECF filing.

We thank the Court for its attention to this matter.

                                    Respectfully Submitted,

                                    By:   */s/ Eric Rieder*
                                              Eric Rieder

                                  *Attorney for Defendants Sierra Universal Corp, UPC Holdings Ltd, Lviv Estate Holdings Ltd, and C Vanderbilt Management Ltd.*

```
Application GRANTED.  The Clerk of Court is directed to maintain
docket entry 109 under seal, viewable to the Court and the
parties only.

The Clerk of Court is further directed to terminate the pending
motion at docket entry 108.

Dated:      January 7, 2025               SO ORDERED.
            New York, New York
```

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE