

800 Third Avenue
New York, NY 10022
+1 212 957 7600 phone
www.cohengresser.com

Allon Lifshitz
212 682 9413
alifshitz@cohengresser.com

March 7, 2025

**VIA ECF**

The Honorable Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

      Re: <u>Chenming Holdings v. Sklarov, et al., 24 CV 935 (KPF) (S.D.N.Y.)</u>

Dear Judge Failla,

      This firm represents defendants Val Sklarov and Tetyana Sklarov (together, "Moving Defendants") in the above-captioned case.

      Together with Moving Defendants' Memorandum in Further Support of their Motion to Dismiss the Second Amended Complaint, we are filing supplemental declarations by each of the Moving Defendants (the "Supplemental Declarations").

      The exhibits to the Moving Defendant's Supplemental Declarations have been redacted for sensitive information pursuant to Federal Rule of Civil Procedure 5.2 and Your Honor's Individual Rule of Practice 9.A.

      In addition, with Plaintiff's consent, we respectfully request to file two of the exhibits to the Supplemental Declarations under seal: Exhibit 7 to Tetyana Sklarov's Supplemental Declaration and Exhibit 4 to Val Sklarov's Supplemental Declaration (the "Sealed Exhibits"). The Sealed Exhibits contain letter certifications from the schools that Moving Defendants' minor children attend, and filing these exhibits under seal is necessary to protect their privacy.

      The Sealed Exhibits are relevant to Moving Defendants' motion to dismiss because they contain evidence about where Moving Defendants' currently reside, which supports Moving Defendants' arguments as to subject matter jurisdiction.

      "Documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values [than the right of public access] and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (citing *In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1948). "The privacy interests of third parties should weigh heavily in a court's balancing equation." *Fairstein v. Netflix Inc.*, 20 CV 8042 (PKC), 2024 WL 2326741, at *1 (S.D.N.Y. May 21, 2024). Courts "generally



January 6, 2025
Page 2

permit medical and other sensitive information of minors to remain under seal." *J.L. on behalf of J.P. v. New York City Department of Education*, 17 CV 7150 (PAC) (KHP), 2024 WL 291218, at *3 (S.D.N.Y. Jan. 25, 2024).

  Although the names and dates of birth of the Moving Defendants' children have been redacted pursuant to Federal Rule of Civil Procedure 5.2, the Sealed Exhibits contain sensitive information regarding the names of the schools that Moving Defendants' children attend.  The value of publicly disclosing the names of the schools is low, and the privacy interests implicated are strong, which weighs in favor of sealing.  *Lytle v. JPMorgan Chase*, 810 F.Supp.2d 616, 622 (S.D.N.Y., 2011) (discussing the weight to be accorded to privacy interests, and identifying "family affairs" as a category of information as to which the privacy interests "weigh more heavily against access" as compared to conduct affecting the public)

  Pursuant to Rule 9.B of Your Honor's Individual Rules of Practice, we have filed this letter publicly via ECF and will also submit (i) this letter, and (ii) copies of the above-referenced exhibits.

            Respectfully submitted,

            *Allon Lifshitz*
            Mark S. Cohen
            Allon Lifshitz
            Matthew V. Povolny
            **COHEN & GRESSER LLP**
            800 Third Avenue, 21st Floor
            New York, New York 10022

cc:  All parties (via ECF)