UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
:
CHENMING HOLDINGS (HONG KONG) :
LIMITED, *a Hong Kong limited company*, :
:
:
Plaintiff, :
: 24 CV 935 (KPF)
– against – :
: Hon. Katherine P. Failla
Val Sklarov, Tetyana Sklarov, Jaitegh "JT" Singh, :
Jurist IQ Corp, Sierra Universal Corp, UPC :
Holdings Ltd, Lviv Estate Holdings Ltd, C :
Vanderbilt Management Ltd., :
:
Defendants. :
:
------------------------------------------------------------------ x

**VAL SKLAROV'S AND TETYANA SKLAROV'S REPLY BRIEF
IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS
THE SECOND AMENDED COMPLAINT**

## TABLE OF CONTENTS

**Page**

Preliminary statement ................................................................................................................. 1

Argument ..................................................................................................................................... 2

I. PLAINTIFF FAILS TO ESTABLISH SUBJECT MATTER JURISDICTION ................ 2

    A. Plaintiff Fails to Prove Complete Diversity ............................................................. 2

    B. Plaintiff Fails to Controvert Moving Defendants' Evidence Defeating Diversity ................................................................................................................... 4

II. PLAINTIFF FAILS TO ESTABLISH PERSONAL JURISDICTION OVER THE MOVING DEFENDANTS .................................................................................................. 5

    A. Plaintiff Fails to Establish Personal Jurisdiction Pursuant to Section 302(a)(2) ................................................................................................................... 5

    B. Plaintiff's Conspiracy Theory of Personal Jurisdiction Also Fails ......................... 7

III. JURISDICTIONAL DISCOVERY IS NOT WARRANTED ............................................ 8

IV. PLAINTIFF'S FRAUD CLAIMS LACK PARTICULARITY ......................................... 9

    A. Plaintiff Improperly Relies on Allegations Made "Upon Information and Belief" ...................................................................................................................... 9

    B. Plaintiff Improperly Relies on Group Pleading ...................................................... 9

V. PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED ........................................................................................................................ 10

Conclusion ................................................................................................................................. 12

## **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Action S.A. v. Marc Rich & Co.*,
  951 F.2d 504 (2d Cir. 1991)............................................................................................4

*Bangladesh Bank v. Rizal Com. Banking Corp.*,
  208 N.Y.S.3d 2 (1st Dep't. 2024) ..................................................................................6,7

*Bates v. Offit Kurman Att'ys at Law LLP*,
  19 CV 2814, 2019 WL 7067092 (S.D.N.Y. Dec. 23, 2019).......................................2, 4

*Bluewaters Commc'ns Holdings, LLC v. Ecclestone*,
  996 N.Y.S.2d 232 (1st Dep't 2014) .................................................................................6

*Charles Schwab Corp. v. Bank of Am. Corp.*,
  883 F.3d 68 (2d Cir. 2018)...............................................................................................7

*Clean Coal Techs., Inc. v. Leidos, Inc.*,
  377 F.Supp.3d 303 (S.D.N.Y. 2019)................................................................................5

*DiVittorio v. Equidyne Extractive Indus., Inc.*,
  822 F.2d 1242 (2d. Cir. 1987).....................................................................................9, 10

*Exchange Listing, LLC v. Inspira Techs., Ltd.*
  661 F.Supp.3d 134 (S.D.N.Y. 2023) (Failla, J.) ..............................................3, 11, 12

*France v. Thermo Funding Co., LLC*,
  989 F.Supp.2d 287 (S.D.N.Y. 2013)................................................................................6

*Frontera Res. Azerbaijan Corp. v. State Oil Co. of Azerbaijan Republic*,
  582 F.3d 393 (2d. Cir. 2009)............................................................................................8

*Fuerst v. Fuerst*
  832 F. Supp. 2d 210 (E.D.N.Y. 2011) .............................................................................3

*In re Fyre Festival Litig.*,
  399 F.Supp.3d 203 (S.D.N.Y. 2019).............................................................................11

*Grove Press, Inc. v. Angleton*,
  649 F.2d 121 (2d. Cir. 1981).......................................................................................7, 8

*Helio Logistics, Inc. v. Mehta*,
  22 CV 10047, 2023 WL 21887 (S.D.N.Y. Jan. 3, 2023).................................................7

*Jacobs v. Pat. Enf't Fund, Inc.*,
   230 F.3d 565 (2d Cir. 2000)..................................................................................................3

*KMS Interests, Inc*,
   21 CV 2357 (KPF), 2022 WL 912948..................................................................................4

*Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*,
   797 F.3d 160 (2d. Cir. 2015).................................................................................................10

*Lugones v. Pete and Gerry's Organic, LLC*,
   440 F.Supp.3d 226 (S.D.N.Y. 2020) (Failla, J.) ...............................................................8, 9

*Mackason v. Diamond Fin. LLC*,
   347 F.Supp.2d 53 (S.D.N.Y. 2004).....................................................................................2, 3

*Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Monarch Payroll, Inc.*,
   15 CV 3642, 2016 WL 634083 (S.D.N.Y. Feb. 17, 2016) .................................................12

*Regnante v. Sec. and Exch. Off.*,
   134 F.Supp.3d 749 (S.D.N.Y., 2015) (Failla, J.) ................................................................10

*RSM Prod. Corp. v. Fridman*,
   643 F.Supp.2d 382 (S.D.N.Y. 2009)......................................................................................9

*SOS Cap. v. Recycling Paper Partners of PA, LLC*,
   196 N.Y.S.3d 382 (1st Dep't 2023) .......................................................................................6

*Susie Ong v. Chipotle Mexican Grill, Inc.*,
   2017 WL 933108 (S.D.N.Y. 2017).......................................................................................10

*In re Terrorist Attacks on September 11, 2001*,
   714 F.3d 659 (2d. Cir. 2013)..............................................................................................5, 6

*Zhang v. Han*,
   21 CV 1625, 2022 WL 62154 (S.D.N.Y. Jan. 5, 2022).........................................................2

**Other Authorities**

CPLR § 302(a)(2) ...................................................................................................5, 6, 7, 8

Federal Rules of Civil Procedure 9(b), 12(b)(1), 12(b)(2), and 12(b)(6) ........................................1

Defendants Val Sklarov and Tetyana Vasziliv (named as Tetyana Sklarov and therefore referred to as Tetyana Sklarov herein) (together, "Moving Defendants") respectfully submit this reply memorandum of law in further support of their motion to dismiss the Second Amended Complaint ("SAC") pursuant to Federal Rules of Civil Procedure 9(b), 12(b)(1), 12(b)(2), and 12(b)(6).[1]

## PRELIMINARY STATEMENT

After filing two amended complaints, now justified by a 66-page memorandum of law, Plaintiff still fails to state its claims against Moving Defendants. Plaintiff's claims should be dismissed for three reasons.

*First,* the claims should be dismissed for lack of subject matter jurisdiction because, even drawing all inferences in Plaintiff's favor, Plaintiff fails to satisfy its critical burden of proving diversity jurisdiction. Moving Defendants are from Ukraine and are domiciled in Ukraine, which defeats diversity jurisdiction, and Plaintiff has not alleged otherwise. Because subject matter jurisdiction is lacking, dismissal is required.

*Second,* the claims should be dismissed for lack of personal jurisdiction because Plaintiff fails to establish that Moving Defendants were physically present in New York, and insufficiently alleges conspiracy jurisdiction. Further, because Plaintiff fails to make a threshold showing of either subject matter jurisdiction or personal jurisdiction, jurisdictional discovery is not warranted.

---

[1] Capitalized terms not defined herein have the same definitions as in Val Sklarov's and Tetyana Sklarov's Memorandum of Law in Support of Their Motion to Dismiss the Second Amended Complaint, ECF No. 112 ("MTD").

*Third*, the claims should be dismissed because Plaintiff fails to plead its fraud-based claims with particularity and fails to allege the elements of its fraud, fraudulent inducement, conversion, and conspiracy claims.

## ARGUMENT

**I.     PLAINTIFF FAILS TO ESTABLISH SUBJECT MATTER JURISDICTION**

    **A.     Plaintiff Fails to Prove Complete Diversity**

Plaintiff has the burden of proving by a preponderance of the evidence that subject matter jurisdiction exists. *Bates v. Offit Kurman Att'ys at Law LLP*, 19 CV 2814 (KPF), 2019 WL 7067092, at *2 (S.D.N.Y. Dec. 23, 2019). Plaintiff fails to meet its burden for two independent reasons.

*First*, Plaintiff fails to allege domicile for either Moving Defendant. *Mackason v. Diamond Fin. LLC*, 347 F.Supp.2d 53, 55 (S.D.N.Y. 2004) (for "individual parties, citizenship for diversity purposes depends upon their places of domicile"). (*See* MTD at 8-9.)

*Second*, even if Plaintiff had properly alleged domicile, diversity jurisdiction is still lacking because Plaintiff is an alien citizen, Tetyana Sklarov is an alien citizen, and Val Sklarov is a citizen of the United States and other countries who is domiciled in Ukraine. (*See* March 6, 2025 Declaration of Val Sklarov ("VS Supp. Decl."); March 6, 2025 Declaration of Tetyana Sklarov ("TS Supp. Decl.")); MTD at 9-11.) *Zhang v. Han*, 21 CV 1625 (GHW), 2022 WL 62154, at *2 (S.D.N.Y. Jan. 5, 2022) ("the presence of aliens on two sides of a case destroys diversity jurisdiction . . ."); *France v. Thermo Funding Co., LLC,* 989 F.Supp.2d 287, 293 (S.D.N.Y. 2013) ("United States citizens domiciled abroad . . . destroy diversity jurisdiction in any case to which they are a party.").

Instead of alleging Moving Defendants' domiciles, Plaintiff merely alleges that Val Sklarov "currently resides" at an address in Georgia "and/or in Chicago, Illinois." (SAC ¶¶ 4,

4n.1, 5.) Plaintiff's allegations are based on filings in unrelated actions, one of which references the Georgia address, and neither of which mentions domicile. (SAC ¶¶ 4 n.1, 161.) However, "[a]llegations of residence are insufficient to establish diversity jurisdiction." *Mackason*, 347 F.Supp.2d at 55. Notably, Plaintiff's allegations are also undermined by its own affidavits of service in this case, which admit that Moving Defendants do not reside at the Georgia address. (ECF No. 52 at 1, 4; ECF No. 53 at 1, 4.)

In the absence of any factual allegations sufficient to establish domicile, Plaintiff improperly asks this Court to take judicial notice of statements made in unrelated litigations for the truth of the matter allegedly asserted in those statements. (Opp. at 10-12.) That is not permitted. *Exchange Listing, LLC v. Inspira Techs*, *Ltd.*, 661 F.Supp.3d 134, 143 (S.D.N.Y. 2023) (Failla, J.) (A "court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation . . .") (citation omitted).

Plaintiff asserts that Val Sklarov's foreign citizenship is "irrelevant" to the diversity jurisdiction analysis and that Val Sklarov's American citizenship "determine[s]" diversity. (Opp. at 14.) But this assertion misstates the law. "United States citizen[s] domiciled abroad" are "necessarily non-diverse." *Jacobs v. Pat. Enf't Fund, Inc.*, 230 F.3d 565, 567 (2d Cir. 2000). The cases that Plaintiff cites do not hold otherwise. Plaintiff cites *Fuerst v. Fuerst* 832 F. Supp. 2d 210, 217 (E.D.N.Y. 2011) for the proposition that "[i]n matters of diversity jurisdiction American citizenship will determine diversity," but leaves out the rule articulated two sentences later: "[W]here a United States citizen is domiciled abroad, he is considered neither a citizen of any state within the United States, nor a citizen or subject of a foreign state." The other case

3

Plaintiff cites, *Action S.A. v. Marc Rich & Co.*, 951 F.2d 504 (2d Cir. 1991), does not even involve a U.S. citizen domiciled abroad.

> **B.    Plaintiff Fails to Controvert Moving Defendants' Evidence Defeating Diversity**

Where, as here, a defendant submits evidence that undermines the purported basis of subject matter jurisdiction, the plaintiff "must come forward with evidence of [its] own to controvert that presented by the defendant," and may rely on the allegations in the complaint only when the defendant's evidence is "immaterial because it does not contradict plausible allegations . . . sufficient to show standing." *KMS Interests, Inc*, 21 CV 2357 (KPF), 2022 WL 912948, at *3 (citation omitted); *Bates*, 2019 WL 7067092, at *3-4 (plaintiff failed to meet its burden by not controverting corporate defendants' evidence of place of incorporation and headquarters, or alleging individual defendant's citizenship).

In support of their motion to dismiss, Moving Defendants submitted sworn declarations stating Tetyana Sklarov is an alien citizen, Val Sklarov is a citizen of the U.S. and other countries, and both are domiciled in Ukraine. (ECF Nos. 114, 115; *see also* MTD at 9-11.) Plaintiff has not offered evidence to controvert those facts, and instead relies on its insufficient allegations, while attacking Moving Defendants' declarations as "conclusory" and asserting that they are not entitled to any weight. (Opp. at 12-14.) In an effort to shift its burden, Plaintiff also asserts that Val Sklarov has failed to prove a "change" in domicile. (Opp. at 14-16.)

Moving Defendants now submit supplemental declarations attaching additional evidence of their country of birth and domicile, Ukraine, and identifying their present country of residence, Greece. (VS Supp. Decl. ¶¶ 4-6; TS Supp. Decl. ¶¶ 4-6.) The documentary evidence attached to the supplemental declarations include Moving Defendants' taxpayer identification numbers and national identification documents from Ukraine, a record of real property and a

bank account in Ukraine, car registrations and a utility bill from Greece, and certifications of their children attending school in Greece. (VS Supp. Decl., Exs 1-4; TS Supp. Decl., Exs 1-7.)

Because Plaintiff relies entirely on allegations of residence, which do not establish domicile, and fails to controvert Moving Defendants' evidence that Tetyana Sklarov and Val Sklarov are domiciled in Ukraine, Plaintiff fails to establish complete diversity. Plaintiff's claims against Moving Defendants should therefore be dismissed for lack of subject matter jurisdiction.

## II.   PLAINTIFF FAILS TO ESTABLISH PERSONAL JURISDICTION OVER THE MOVING DEFENDANTS

Plaintiff fails to meet its burden of alleging facts sufficient to make a *prima facie* showing that personal jurisdiction exists as to Moving Defendants because (1) Plaintiff fails to satisfy the physical presence requirement of N.Y. CPLR § 302(a)(2), and (2) Plaintiff fails to plead facts sufficient to support conspiracy or agency theories of personal jurisdiction.

### A.   Plaintiff Fails to Establish Personal Jurisdiction Pursuant to Section 302(a)(2)

To exercise personal jurisdiction pursuant to Section 302(a)(2) over a non-domiciliary who "commits a tortious act within the state," Plaintiff must establish that Moving Defendants were "physically present in New York State when committing a tortious act." N.Y. CPLR § 302(a)(2); *Clean Coal Techs., Inc. v. Leidos, Inc.*, 377 F.Supp.3d 303, 312 (S.D.N.Y. 2019).

Plaintiff fails to make the required *prima facie* showing that personal jurisdiction exists, which requires an "averment of facts that . . . would suffice to establish jurisdiction over the defendant." *In re Terrorist Attacks on September 11, 2001*, 714 F.3d 659, 673 (2d. Cir. 2013) (quoting *Chloé v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 163 (2d Cir. 2010)). Plaintiff cannot point to a single paragraph in the SAC alleging that Moving Defendants were physically

5

present in New York, much less that they were physically present in New York while committing tortious acts, as required by Section 302(a)(2).

Plaintiff instead asserts that various ordinary business activities – the alleged creation of New York entities, exercise of ownership rights, and opening of New York bank accounts – "necessarily placed the [Moving] Defendants within New York at the relevant times, or at least raise a strong inference of their presence in New York." (Opp. at 18-22.) However, each of those alleged business activities could easily have been conducted outside New York. Plaintiff therefore cannot expect the Court to "draw argumentative inferences in [its] favor" to meet its burden. *In Re Terrorist Attacks* (quoting *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 507 (2d Cir. 1994)). Additionally, Plaintiff does not cite a single case to support its contention that merely opening a New York bank account, establishing a New York entity, or exercising ownership rights as to New York entity, without more, satisfies Section 302(a)(2)'s physical presence requirement.

New York courts have applied a limited exception to the physical-presence requirement in the "narrow circumstance where an out-of-state defendant uses . . . a New York based bank account to commit a financial fraud tort within the boundaries of New York." *SOS Cap. v. Recycling Paper Partners of PA, LLC*, 196 N.Y.S.3d 382 (1st Dep't 2023). However, determining whether this exception applies is a highly fact-specific inquiry, and a strong nexus to New York, which Plaintiff has not sufficiently alleged, is still required. *See*, *e.g.*, *Bluewaters Commc'ns Holdings, LLC v. Ecclestone*, 996 N.Y.S.2d 232 (1st Dep't 2014) (alleged payment of bribes through the New York banking system did not constitute the commission of a tort pursuant to Section 302(a)(2)); *cf. Bangladesh Bank v. Rizal Com. Banking Corp.*, 208 N.Y.S.3d 2 (1st Dep't. 2024) (allowing an exception to the physical-presence requirement where funds

6

were allegedly stolen from plaintiff's primary bank account, which plaintiff had held in New York for 50 years).

Plaintiff also has not cited any case that justifies ignoring the Second Circuit's "traditional, stricter rule" as to Section 302(a)(2)'s physical presence requirement. *Helio Logistics, Inc. v. Mehta*, 22 CV 10047 (NSR), 2023 WL 21887, at *7, *9 (S.D.N.Y. Jan. 3, 2023) (acknowledging some New York courts had recognized exceptions to Section 302(a)(2)'s physical presence requirement, but holding Second Circuit precedent required "the defendant to physically commit the tortious act within New York"). Under the Circuit's rule, Plaintiff's theory of physical presence fails.

### B. Plaintiff's Conspiracy Theory of Personal Jurisdiction Also Fails

Plaintiff argues that personal jurisdiction can be exercised over Moving Defendants under a "conspiracy theory of jurisdiction" because the acts of Defendants Jaitegh Singh, Jurist IQ, and the Servicer Defendants can all be "attributed" to the Moving Defendants. (Opp. at 22-23.) However, Plaintiff fails to allege the required elements of conspiracy jurisdiction, including any non-conclusory allegations that a conspiracy existed or that the "co-conspirator's overt acts in furtherance of the conspiracy had sufficient contacts with a state to subject that co-conspirator to jurisdiction in that state." *Charles Schwab Corp. v. Bank of Am. Corp.*, 883 F.3d 68, 87 (2d Cir. 2018). (*See* MTD at 13-15.)

Critically, Plaintiff fails to establish that the alleged co-conspirators committed tortious conduct while physically present in New York, as required to assert conspiracy jurisdiction under Section 302(a)(2). *Helio Logistics, Inc,* 2023 WL 21887, at *9; *Grove Press, Inc. v. Angleton*, 649 F.2d 121, 122 (2d. Cir. 1981) ("[B]efore an agency relationship will be held to exist under section 302(a)(2), a showing must be made that the alleged agent acted in New York for the

benefit of, with the knowledge and consent of, and under some control by, the nonresident principal.").

Plaintiff's theory of conspiracy jurisdiction rests on the allegation that Jaitegh Singh is a registered New York attorney who has offices in New York and Miami. (SAC ¶ 6.) Plaintiff also asserts in its brief that Val Sklarov and Jaitegh Singh were "operating out of New York when they issued multiple letters containing misrepresentations and material omissions" (Opp. at 23), a new allegation not supported by the paragraphs of the SAC that Plaintiff cites, which do not contain any factual allegations about where Val Sklarov or Singh were physically located. (*See* SAC ¶¶ 6-7, 21, 73-75.) Plaintiff also attempts to rely on the opening of bank accounts and establishment of corporations to establish a nexus with New York (Opp. at 23), but this alleged conduct could have occurred while Singh and Moving Defendants were anywhere in the world.

Because of these deficiencies, Plaintiff fails to make the showing necessary to attribute the alleged co-conspirators' actions to Moving Defendants, or to establish conspiracy jurisdiction.

### III. JURISDICTIONAL DISCOVERY IS NOT WARRANTED

"A district court has wide latitude to determine the scope of discovery, and is typically within its discretion to deny jurisdictional discovery when the plaintiff has not made out a prima facie case for jurisdiction." *Frontera Res. Azerbaijan Corp. v. State Oil Co. of Azerbaijan Republic*, 582 F.3d 393, 401 (2d. Cir. 2009) (cleaned up). A court may "order limited discovery to establish personal jurisdiction so long as plaintiff has made a threshold showing of jurisdiction and established that his jurisdictional position is not frivolous." *Lugones v. Pete and Gerry's Organic, LLC*, 440 F.Supp.3d 226, 236 n.3 (S.D.N.Y. 2020) (Failla, J.) (citation omitted).

For the reasons set forth above, Plaintiff fails to make a threshold showing that would warrant jurisdictional discovery with respect to either subject matter jurisdiction or personal

8

jurisdiction. *Lugones*, 440 F.Supp.3d 226 (denying jurisdictional discovery because plaintiffs had not made a threshold showing of jurisdiction); *RSM Prod. Corp. v. Fridman*, 643 F.Supp.2d 382, 402 (S.D.N.Y. 2009) (where a "plaintiff has failed to establish a *prima facie* case for personal jurisdiction, jurisdictional discovery is generally not granted"). "Discovery need not be granted to allow a plaintiff to engage in an unfounded fishing expedition for jurisdictional facts." *RSM Prod. Corp.* at 402. It therefore should be denied here.

## IV. PLAINTIFF'S FRAUD CLAIMS LACK PARTICULARITY

Plaintiff fails to plead its fraud-based claims with particularity. As explained in Moving Defendants' opening brief, Plaintiff improperly relies on group pleading and allegations made "upon information and belief," and Plaintiff's allegations lack specificity as to both (1) the content of alleged misrepresentations, and (2) where and when such alleged misrepresentations were made (MTD at 16-18), facts that should be within Plaintiff's knowledge.

### A. Plaintiff Improperly Relies on Allegations Made "Upon Information and Belief"

Plaintiff improperly relies on allegations made "upon information and belief" without providing a factual basis for its beliefs. (*See* SAC ¶¶ 52, 62, 64, 86, 87, 89, 90, 91, 102, 106, 107, 129.) That is not sufficient. *DiVittorio v. Equidyne Extractive Indus., Inc.*, 822 F.2d 1242, 1247 (2d. Cir. 1987) (allegations made upon information and belief "must be accompanied by a statement of the facts upon which the belief is based"). Plaintiff argues that it relies upon information and belief as to facts that are peculiarly within Moving Defendants' knowledge (Opp. at 28-30), but even under those circumstances, Plaintiff "still bears the burden of alleging facts upon which [its] belief is founded." *DiVittorio* 822 F.2d 1242, at 1248. Plaintiff has clearly failed to do so.

### B. Plaintiff Improperly Relies on Group Pleading

9

Plaintiff also improperly relies on group pleading. "A complaint may not simply clump defendants together in vague allegations to meet the pleading requirements of Rule 9(b)." *Regnante v. Sec. and Exch. Offs.*, 134 F.Supp.3d 749, 771 (S.D.N.Y. 2015) (Failla, J.). The limited "group pleading" exception, which sometimes applies when there are grounds for attributing statements to a group or where a "plural author" is implied by the document, does not apply here. *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 173 (2d. Cir. 2015). Additionally, scienter must be "separately pled and individually supportable as to each defendant." *Susie Ong v. Chipotle Mexican Grill, Inc.*, 2017 WL 933108, at *15 n.7 (S.D.N.Y. 2017). Plaintiff improperly relies on group pleading without establishing the grounds to do so, including when pleading scienter, e.g., when alleging that "Individual Defendants" made "intentional" "misrepresentations or material omissions." (*See, e.g.*, SAC ¶¶ 62, 64, 103, 181, 183-184, 188, 190, 194, 197, 203, 215.)

Plaintiff argues that it "need not identify specific statements made by Tetyana Sklarov." (Opp. at 31.) On the contrary, the absence of a single statement allegedly made by Tetyana Sklarov, let alone a fraudulent statement or misrepresentation, not only means that particularity is lacking, but is fatal to Plaintiff's fraud claim against Tetyana Sklarov, because a material misrepresentation is one of the required elements of fraud.

## V. PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Even if Plaintiff adequately alleged subject matter jurisdiction and personal jurisdiction, which it has not, its claims against Moving Defendants would still fail as a matter of law. As explained in Moving Defendants' opening brief, Plaintiff's fraud-based claims and conversion claim are non-cognizable because they are disguised breach-of-contract claims, and, in addition, Plaintiff fails to plead the required elements. (*See* MTD at 19-24.)

Most glaringly, Plaintiff fails to allege any pre-contractual misrepresentations that could support a fraudulent inducement claim. The paragraphs that Plaintiff claims contain pre-contractual statements are insufficient to support a claim of fraudulent inducement. (Opp. at 50.) The majority of them do not appear to contain pre-contractual statements (SAC ¶¶ 33, 52, 54-55, 89, 105, 181-182, 190), and do not allege when the alleged misrepresentations were made (and in fact do not contain any dates at all), and therefore lack particularity and are insufficient to support a claim of fraudulent inducement. *In re Fyre Festival Litig.*, 399 F.Supp.3d 203, 214 (S.D.N.Y. 2019) (holding that if a complaint "does not allege when statements were made, it similarly cannot plausibly allege misrepresentation of 'present fact'"). Two of Plaintiff's other cited paragraphs (SAC ¶¶ 51 and 85) do not even contain an alleged misrepresentation (pre-contractual or otherwise), and three other paragraphs (SAC ¶¶ 53, 86-87) allege misrepresentations made after the execution of the Loan Agreements. (*See also* MTD at 21.) The three remaining cited paragraphs contain alleged pre-contractual misrepresentations regarding UPC1 being "part of a British Family Fund" (SAC ¶ 86), Vanderbilt's office address (*id.* ¶ 100), and Vanderbilt's connection to Cornelius Vanderbilt (*id.* ¶ 102). None of these allegations support Plaintiff's fraudulent inducement claim because Plaintiff fails to allege either their materiality or that those statements induced Plaintiff to enter into the Loan Agreements.

With respect to reliance, Plaintiff argues Moving Defendants lack standing to invoke the Loan Agreements to preclude Plaintiff's alleged reasonable reliance. (MTD at 43-45.) However, the Court may consider the Loan Agreements' contents because the Court may consider "documents incorporated by reference in the complaint." *Exchange Listing, LLC.*, 661 F.Supp.3d 134, 143 (S.D.N.Y. 2023) (Failla, J.). Plaintiff incorporates the Loan Agreements in numerous ways, including by alleging the Lenders' conduct was "for the benefit of the

Individual Defendants" and that the Loan Agreements were "intended to facilitate Defendants' fraudulent scheme" (SAC ¶188, 17). Plaintiff cannot rely on allegations that the Moving Defendants are "alter egos" of the Lenders (*see* Opp. at 33-34) and acted "through the Sham Lenders" (*see* SAC ¶¶17, 183, 188, 199), while simultaneously arguing that Moving Defendants cannot invoke the provisions of the Loan Agreements those Lenders entered into. (Opp. at 43-45.)

In addition, Plaintiff's conspiracy claims fail due to Plaintiff's failure to plead the required elements of conspiracy, and Plaintiff's conversion claim fails because a conversion claim "cannot be predicated on a mere breach of contract." *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Monarch Payroll, Inc.*, 15 CV 3642 (PKC), 2016 WL 634083, at *6 (S.D.N.Y. Feb. 17, 2016) (citation omitted). (*See* MTD at 24-25.)

## CONCLUSION

For the foregoing reasons, the Moving Defendants' motion to dismiss should be granted without discovery, and Plaintiff's claims against Moving Defendants should be dismissed with prejudice.

## CERTIFICATE OF COMPLIANCE

This document complies with the word limit of 3,500 pursuant to Rule 7.1(c) of the Joint Local Rules of the United States District Courts for the Southern and Eastern Districts of New York and Rule 4(B) of Your Honor's Individual Rules of Practice in Civil Cases because, excluding the parts of the document exempted by Rule 7.1(c), this document contains 3,411 words. For the purposes of this certification, I have relied upon the word count of the word-processing system used to prepare this document.

Dated:   New York, New York
         March 7, 2025

                                              *Allon Lifshitz*
                                              Allon Lifshitz